ALBANY,
Feb. 1811.

SCHEMER-
HORN
v.
JENKINS.

</div>

---

## SCHEMERHORN *against* JENKINS.

IN ERROR, from the court of common pleas of *Co-
lumbia* county. The plaintiff brought an action of assault
and battery against the defendant in the court below.
The defendant pleaded not guilty. At the trial, it was
admitted by the counsel for the plaintiff, in opening the
cause, that the plaintiff was under the age of 21 years,
and resided out of the county. The defendant moved
for a nonsuit, unless a guardian was appointed for the
plaintiff. But no guardian being appointed, the court
ordered the plaintiff to be nonsuited ; and a judgment
of nonsuit was accordingly entered.

On the return to the writ of error, the case was sub-
mitted to the court, without argument.

<div align="right">

The infancy of
the plaintiff is
not a ground of
nonsuit at the
trial, but must
be pleaded in
abatement.
Such appear-
ance is cured
after verdict, by
the statute of
jeofails.
By pleading in
chief, the defen-
dant admits the
due appearance
of the plaintiff.
Error lies on a
judgment of
*nonsuit* by a
court of com-
mon pleas, as it
is a judgment
with costs.

</div>

*Per Curiam.* The infancy of the plaintiff was not a
proper ground of nonsuit at the trial. The defendant
should have pleaded that matter in abatement. (1 *Chitty
on Pleadings*, 436.) Such an appearance is cured after
verdict, by the statute of jeofails. The defendant, by plead-
ing in chief, admitted the due appearance of the plaintiff,

and joined issue upon the merits. The plaintiff at the trial could not have been nonsuited, but for want of proof to support the issue on his part. And though error is here brought upon a judgment of nonsuit, yet as it must have been attended with costs against the plaintiff, error will lie, according to the case of *Smith* v. *Sutts.* (2 *Johns. Rep.* 9.)

<div align="right">Judgment reversed.</div>