Ex parte, Scott.

De Witt, moved for a *mandamus* to the Judges, &c. of *Washington County*, commanding them to modify a rule setting aside the *declaration* and all subsequent proceedings, and staying all proceedings, till a *prochein ami* should be appointed, *on payment of costs*, in a cause there, between *Knight*, plaintiff, and *Scott and others* defendants.

*Knight* was an *infant*, and appeared by *attorney*. The cause had gone to *issue* ; and a motion had been heard for judgment as in case of *non-suit*. This was refused, on payment of costs : after which, the defendants informed their attorney that the plaintiff was *an infant* ; not knowing before that this was material. On these facts, the Common Pleas granted the above rule. The object of this motion was to get rid of the *condition* in the rule, which *required the payment of costs*. This motion was opposed by *Russell*, but the Court granted

A rule to shew cause.(*b*)

It is irregular for an infant to declare by attorney ; and, that the defendant does not know the infancy to be material, is an excuse for delay in moving to set the declaration aside.

(*b*) Vid. *Schermerhorn* v. *Jenkins*, 7 *John. Rep.* 373.   That the infancy of the plaintiff is not a ground of *non-suit* at the trial, but may be *pleaded* in abatement, 1 *Chitty on Pl.* 436.