Louis Wilkiming by his guardian William Randa, *v.* Henry Schmale.

The mere fact that an action brought to recover for a debt due an infant is prosecuted by a next friend, instead of a guardian, will not render a judgment against him upon the merits void.

Such an error in a district court can only be corrected by an appeal. So long as the judgment remains unreversed, it is a bar to any other action for the same cause.

Appeal by plaintiff from a judgment of the Fourth District Court. This action was brought to recover wages claimed to be due Louis Wilkiming as clerk. The answer contained a plea of prior adjudication. The defendant, at the close of the plaintiff's case, produced a record of a former suit on behalf of the same plaintiff and for the same cause of action, by which it appeared

that an action was brought by the plaintiff in his own name, originally, for the same cause; that, on the trial, the objection to the proceeding on that account had been waived, and a *next friend* had been appointed for the plaintiff by consent, in whose name the suit was thereupon continued; and that, at its conclusion, the court rendered judgment for the defendant upon the merits. This record was objected to, upon the ground that no *guardian* had been appointed in that suit for the infant. The objection was overruled, and an exception taken. The justice rendered judgment for the defendant, from which the plaintiff appealed.

*James McGay,* for the appellant.

*Taylor and Johnson,* for the respondent.

DALY, J.—It will not be necessary to determine whether the provisions of the Code respecting parties to actions apply to the justices' courts of this city or not, as it is wholly immaterial whether the plaintiff appeared in the former action by a guardian or by a next friend, as the error, if it was one, would not affect the validity of the judgment or render it void. It might be a ground for reversing the judgment for error in fact, and as the judgment was against the plaintiff, his remedy, if he appeared erroneously by a next friend instead of a guardian, was by taking an appeal and getting the judgment reversed. *Maynard* v. *Downer,* 13 Wend, 575; *Bloom* v. *Burdick,* 1 Hill, 130; *Schermerhorn* v. *Jenkins,* 7 Johns. 373; *Gardner* v. *Holt,* Strange, 1217; *King* v. *Code,* id. 413; *Hamlin* v. *Hamlin,* Bulst. 189. But as long as the judgment stood unreversed, it was a bar to any other action for the same cause.

Judgment affirmed.