[No. 11382. Department Two. — November 5, 1887.]

IN THE MATTER OF THE ESTATE OF ELLEN CAHILL, DECEASED.

CONTEST OF WILL — UNDUE INFLUENCE. — Undue influence by any person is ground for setting aside a will. It is not necessary that it should be by one who is benefited by the will.

ID. — INDEFINITENESS OF VERDICT. — The question submitted to the jury was as follows: "Did the said Ellen Cahill, at the time of signing the instrument offered for probate, sign or execute the same under undue influence of either James H. Nolan or of Annie Nolan, or of any other person?" To which the jury answered, "Yes." *Held*, that the verdict was not so uncertain as to render it impossible to know what the jury meant by their verdict; and that inasmuch as it responded to the issue, and the counsel had stipulated as to the issue, the verdict should not have been set aside.

GUARDIAN AD LITEM. — Where proceedings to contest a will are commenced by a minor *in propria persona*, and a guardian *ad litem* is appointed at the trial, the proceedings are not void for want of jurisdiction.

REFERENCE IN BRIEF TO DOCUMENT OUTSIDE OF RECORD. — Where counsel prints in his brief a document which is not a part of the record on appeal, the court may, as against him, treat the document as properly before it.

APPEAL from an order of the Superior Court of the city and county of San Francisco setting aside a verdict.

The facts are stated in the opinion.

*M. C. Hassett*, for Appellant.

*William F. Sayers*, and *Eugene N. Deuprey*, for Respondent.

HAYNE, C. — William P. Cahill, a minor, commenced a contest to set aside the will of Ellen Cahill, deceased, on the ground of undue influence. No guardian *ad litem* was appointed to commence the proceedings, the written grounds of opposition being signed with his own name. The proponent filed an answer, in which no objection was made for the want of a guardian *ad litem*. After the issues were settled, — Milton C. Babb acting as attorney for the contestant, — the matter came up for trial, and then the court, upon petition of the contestant, made an order " that M. C. Hassett be and he is hereby appointed guardian *ad litem* of said William P. Cahill, to appear and act for him in the contest of said William P. Cahill to the proposed last will and testament of Ellen Cahill, deceased." As will be observed, this order did not purport to relate back to the commencement of the proceedings. So far as the record shows, no objection on account of there being no guardian *ad litem* at the commencement of the proceedings was made at any stage of the trial. The jury found that the will had been obtained by undue influence. The finding on this subject was as follows: " Did the said Ellen Cahill, at the time of signing the instrument offered for probate, sign or execute the same under undue influence of either James H. Nolan or of Annie Nolan, or of any other person? Answer: Yes." The proponent moved to set aside the verdict, and the court below granted the motion, on the ground of there having been no guardian *ad litem* at the commencement of the proceedings, and upon the ground of the indefiniteness of the verdict. In this latter regard the court said in its opinion, which is printed in the brief of counsel: "It is not specified whether the undue influence was exercised by James H. Nolan or

Annie Nolan, or of some other person. This verdict is necessarily too indefinite to warrant any judgment whatever." The contestant appeals from the order setting aside the verdict.

1. We do not think that the verdict was too indefinite to warrant a judgment setting aside the will. It affirmed that the testatrix, in making it, was acting under the undue influence of James H. Nolan or of Annie Nolan, or of some other person. The material point is, that there was undue influence. It is not necessary that the undue influence should have been exercised by a beneficiary under the will. Undue influence by any one, whether he gains by the will or not, is sufficient ground for setting it aside. It is perfectly true, that as an allegation in the statement of the grounds of opposition, it would be too indefinite, if objected to. For it would make it necessary to go over too wide a field of evidence, and there would be nothing to apprise the proponent of the particular case to be made against him. It would therefore be ground of demurrer. The issues submitted to the jury should likewise be sufficiently definite to narrow the case within reasonable limits; and probably in such a case as this, if objection had been made to the form of the issue, the objection would have been allowed. But there was no such objection. On the contrary, the attorney for the proponent expressly stipulated in writing "that the foregoing questions *shall be and are the issues* of the contest in the matter of the estate of Ellen Cahill, deceased." In the face of such a stipulation as this, the proponent cannot be allowed to object to the form of the issues, unless they are so uncertain as to render it impossible to say what the jury meant by their verdict, which we do not think is the case here.

2. Was the fact that no guardian *ad litem* was appointed for the contestant until the case was called for trial sufficient reason for setting aside the verdict? If this circumstance went to the jurisdiction of the court,

and so rendered the proceedings for contest void, there can be no doubt of the correctness of the action of the court below; but if it was a mere irregularity, the proponent should have brought the matter to the attention of the court, and applied for relief as soon as the matter came to his knowledge; he could not go on and take the chances of a verdict in his favor, and keep the objection in reserve. (See cases collected in Hayne on New Trial and Appeal, sec. 27.) The question stated, therefore, resolves itself into this: Did the matter go to the jurisdiction of the court? We think it did not.

The provision of the Civil Code is, that "a minor may enforce his rights by civil action, or other legal proceedings, in the same manner as a person of full age, except that a guardian must conduct the same." (Civ. Code, sec. 42.) And in the Code of Civil Procedure it is provided that "where an infant or an insane person is a party, he must appear either by his general guardian or by a guardian ad litem appointed by the court in which the action is pending, in each case." (Code Civ. Proc., sec. 372.) And directions are given concerning the manner of the appointment. (Id., sec. 373.) So far as the mere language of these provisions goes, it would seem that the appointment is to be made after the commencement of the suit. But it has been held that the appointment of the guardian must be alleged in the complaint. (Crawford v. Neal, 56 Cal. 321.) In this case it was said that the necessity to show the due appointment of the guardian ad litem remains as at common law.

The old equity rule is stated by Story as follows: "An infant is incapable by himself of exhibiting a bill, as well on account of his supposed want of discretion as of his inability to bind himself, and to make himself liable to the costs of the suit. When, therefore, an infant claims a right or suffers an injury, on account of which it is necessary to apply to a court of equity, his nearest relation is supposed to be the person who will take him

under his protection, and institute a suit to assert his rights or to vindicate his wrongs; and the person who institutes a suit on behalf of an infant is therefore termed his *next friend* (*prochein ami*)." (Story's Eq. Pl., sec. 57.) If the appointment was not made, the defendant could demur or put in a plea in abatement. (Id., secs. 494, 725.)

The common-law rule is stated by Tidd as follows: "An infant, or person under the age of twenty-one years, not being capable of appointing an attorney, must sue by his *prochein ami* or guardian. . . . . An infant *defendant* must in all cases appear and defend by guardian. . . . . If it appear by attorney, it is error; though if an infant *plaintiff* appear by attorney, it is cured by the statute of jeofails. (Tidd's Practice, 9th ed., 99.)

It will be observed that the main reason given by these two learned authors is, that the infant cannot appoint an attorney. The appointment of an attorney was one of the acts of an infant which was absolutely void at common law. And our code provides that a " minor cannot give a delegation of power." (Civ. Code, sec. 33.) But, as will be remembered, the minor did not appoint an attorney to commence the proceedings here. He commenced them *in propria persona*. It is not necessary, therefore, to consider what would be the result if the contest had been commenced by an attorney for the minor. That is not the case before the court. The act of the minor himself, in submitting to the jurisdiction of the court, and applying to it for relief, does not seem to us to have been of no effect whatever, or in other words, absolutely void; for the acts of minors are in general voidable merely, and are absolutely void only in certain cases. If this be so, then the court had jurisdiction of the person and of the subject-matter; and hence its action, however erroneous, was not void.

In the passage above quoted, Tidd makes a distinction between infant plaintiffs and infant defendants. It

would seem that this distinction was made by statute 21 Jac. I., c. 13, sec. 2, which provided that after verdict for the plaintiff, judgment shall not be stayed or reversed by reason that the plaintiff in ejectment, or other personal action or suit, being an infant under twenty-one years, did appear by attorney therein. (See *Drago* v. *Moso*, 1 Speers, 212; 40 Am. Dec. 592; *Smith* v. *Van Houten*, 9 N. J. L. 382.) This difference between action taken by the infant himself, and action taken in hostility to him, may be founded in reason. It was acted on in *Tremper* v. *Barton*, 18 Ohio, 425. It is unnecessary in this case, however, to say what would be the law with reference to infant defendants appearing and defending without a guardian *ad litem*. With reference to plaintiffs, it has been frequently held in this country that the want of a next friend or guardian *ad litem* does not go to the jurisdiction, but is a mere irregularity.

Thus in *Fellows* v. *Niver*, 18 Wend. 563, where a *prochein ami* was appointed after the commencement of the suit, a motion to set aside the proceedings was denied, the court saying: "The only difference between the former statutes and the present is this: Formerly the *prochein ami* was appointed after the issuing of the process, but before a declaration; now it should be done before process; but now, as formerly, it is a question of *regularity* merely, not, as the defendant's counsel supposes, a question of *jurisdiction*. It is a question of practice, and the irregularity may be waived under the present statutes as well as under the old statutes."

So in *Bartlett* v. *Batts*, 14 Ga. 541, where a next friend was appointed for an infant plaintiff after the commencement of the action, the court refused to set aside the verdict, saying: "It seems very safe to say that a suit commenced and prosecuted by an infant alone is not absolutely void; and although defective in wanting a next friend, the defect is one which before verdict is amendable, and after verdict is cured."

So in *Hafern* v. *Davis*, 10 Wis. 502, where the plaintiff signed her complaint in her own name, and proceeded without the appointment of a next friend, the court, per Dixon, C. J., said: "All objections not going to the merits of the action or defense seem to be swept out of existence. Section 40 of chapter 125 provides: 'The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of any such error or defect.' This is evidently an error or defect which does not affect the substantial rights of the plaintiff in error." The foregoing cannot be said to be a decision, for the case was reversed on another ground. The *dictum*, however, was approved and followed in *Sabine* v. *Fisher*, 37 Wis. 376. In that case there was no guardian *ad litem* or next friend appointed for the plaintiff. On the trial, the defendant moved to dismiss on this ground, but the court thereupon appointed a guardian *ad litem*, and denied the motion to dismiss. On appeal the judgment was affirmed, the court, per Ryan, C. J., saying: " There is no error in the leave given to respondent to amend, so as to prosecute the suit by her next friend. Had she proceeded without leave, the judgment could not be reversed on that ground. (*Hafern* v. *Davis*, 10 Wis. 510.)" And the foregoing cases were approved and followed in *Hepp* v. *Huefner*, 61 Wis. 150.

And to the same effect are other cases: *Young* v. *Young*, 3 N. H. 345; *Blood* v. *Harrington*, 8 Pick. 554; *Schemerhorn* v. *Jenkins*, 7 Johns. 373; *Kid* v. *Mitchell*, 1 Nott & McC. 334; *Smart* v. *Haring*, 14 Hun, 276; *Sims* v. *New York College*, 35 Hun, 344. And compare *Brooke* v. *Clarke*, 57 Tex. 112.

We do not regard the case of *Townsend* v. *Tallant*, 33 Cal. 52, 91 Am. Dec. 617, as inconsistent with this conclusion. That was a case with reference to a sale of real

estate under the direction of the probate court. It may very well be that a special proceeding by an administrator to divest the heir of title to real property is to be differently regarded.

Nor do we think that section 1307 of the Code of Civil Procedure affects the question presented here, viz., whether the court was right in setting aside the verdict.

3. It is suggested that the court may have set aside the verdict upon its own motion, under section 662 of the Code of Civil Procedure, on the ground that the jury acted " under a misapprehension of the instructions, or under the influence of passion or prejudice." But it is sufficient to say that it appears from the bill of exceptions that the order setting aside the verdict was not made at the time of its rendition, nor was it made upon the court's own motion, but on the formal written application of the proponent. And furthermore, the opinion of the court shows the grounds on which it acted. It is true that this opinion is not a part of the record. But when counsel prints a document in his brief, he must not be surprised if, so far as he is concerned, it is treated as properly before the court. (*Mott* v. *Reyes*, 45 Cal. 386.)

It may be added, although the point is not distinctly made, that the case cannot be treated as one of a motion for new trial granted, or sustainable on the ground of insufficiency of the evidence to support the verdict. The notice of motion states that it was to be made on the minutes of the court, but contains no specification of the insufficiency of the evidence. In such case, the statute expressly provides that the motion shall be denied. (Civ. Code Proc., sec. 659, subd. 4.) This being so, the contestant was not required to insert any evidence in the bill of exceptions settled after the order.

We therefore advise that the order be reversed, and the cause remanded, with directions to the court below to enter judgment upon the verdict in favor of the contestant.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, order reversed and cause remanded, with direction to the court below to enter judgment upon the verdict in favor of the contestant.