## ESTATE OF ALEXANDER BLANC, DECEASED.

### [No. 11,082; decided May 5, 1892.]

**Wills—Testamentary Capacity.—**A person is of sound and disposing mind who is in the full possession of his mental faculties, free from delusion, and capable of rationally thinking, acting and determining for himself. Weakness of mind is not the opposite of soundness, but is the opposite of strength of mind, and unsoundness is the opposite of soundness. A weak mind may be a sound mind and a strong mind may be unsound.

**Wills.—Undue Influence Consists in the Use,** by one in whom a confidence is reposed by another, who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him, or in taking an unfair advantage of another's weakness of mind, or in taking a grossly oppressive or unfair advantage of another's necessities or distress.

**Wills.—Lawful or Unlawful Influence,** in procuring the execution of a will, discussed and distinguished.

**Wills—Undue Influence, What Constitutes.—**The influence exerted over a testator to avoid his will must be of such a nature as to deprive him of free agency, and render his act obviously more the offspring of the will of others than his own; and it must be specially directed toward the object of procuring a will in favor of particular parties and must be still operating at the time the will is made.

**Wills—Undue Influence, What Constitutes.—**Influence and persuasion may be fairly used on a testator; and a will procured by honest means, by acts of kindness, attention and persuasion which delicate minds would shrink from, will not be set aside on that ground alone. The influence to vitiate a will must not be the influence of affection or attachment.

**Wills—Undue Influence, What Constitutes.—**In order to avoid a will on the ground of undue influence, it must be shown that the in-

fluence exercised amounted to a moral coercion, which restrained
independent action and destroyed free agency, or which, by impor-
tunity that could not be resisted, constrained the testator to do that
which was against his free will and desire, but which he was unable
to refuse or too weak to resist. It must not be the promptings of
affection, the desire of gratifying the wishes of another, the ties of
attachment arising from consanguinity, or the memory of kindly acts
and friendly offices, but a coercion produced by importunity, or by a
silent, resistless power which the strong will often exercises over
the weak and infirm, and which could not be resisted, so that the
motive was tantamount to force or fear.

Alexander Blanc died on June 14, 1891, leaving a widow,
a sister, the children of a deceased brother and the children
of a deceased sister.

On June 22, 1891, the widow filed a petition for probate
of the will of decedent, which was dated June 12, 1891. The
will was admitted to probate on July 6, 1891. In this will
the widow and one of the nephews were named as the prin-
cipal legatees and devisees.

In February, 1892, the sister and several of the nieces and
nephews of the decedent filed petitions for the revocation of
the probate of the will, and alleged, as grounds of contest,
that the testator was of unsound mind, and that the will was
made by undue influence of the widow, and of the nephew
who was named in the will as a devisee.

These contests were tried before a jury, and on May 5,
1892, the court instructed the jury and the latter rendered
a verdict sustaining the will.

Henry H. Davis, for certain of the contestants.

Dunne & McPike, of counsel.

Jones & O'Donnell, for the other contestants.

W. M. Cannon, for respondents.

H. N. Clement, of counsel.

COFFEY. J. (Addressing the Jury.)   1. Whenever nine
of your number agree on an answer to an issue, it becomes
your verdict on that issue. Your verdict must be in writ-

ing, signed by your foreman, and nine of you must agree on that verdict.

2. You are the sole and exclusive judges of the value or effect of the evidence; your power of judging of the effect of the evidence is not arbitrary, but to be exercised with legal discretion, and in subordination to the rules of evidence.

3. You are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in your minds, against a less number, or even against a presumption from the evidence satisfying your minds. Evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce, and of the other side to contradict. A witness is presumed to speak the truth; but this presumption may be repelled by the manner in which he testifies or by the character of his testimony, or by evidence affecting his character for truth, honesty and integrity, or by contradictory evidence; and you, the jury, are the exclusive judges of the credibility of each and every witness, and as to every part of the testimony and evidence of each and every witness.

4. Direct evidence is that which proves the fact in dispute directly, without an inference or presumption. Indirect evidence is that which tends to establish the fact in dispute, and which, though true, does not itself conclusively establish that fact, but which affords an inference or presumption of the existence of that fact. Indirect evidence is of two kinds— inference and presumption. Inference is a deduction which the reason of the jury makes from the facts proved without an express direction of law to that effect. A presumption is a deduction which the law expressly directs to be made from particular facts. The inference must be founded on a fact legally proved, and on such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature: Code Civ. Proc., secs. 1958-1960.

5. A will or a part of a will procured to be made by undue influence is invalid.

6. A person is of sound and disposing mind who is in the full possession of his mental faculties, free from delusion, and capable of rationally thinking, acting and determining for himself. Weakness of mind is not the opposite of soundness, but is the opposite of strength of mind, and unsoundness is the opposite of soundness. A weak mind may be a sound mind, and a strong mind may be unsound. The strong mind of a man possessed of superior talents, and of a determined will, may be so wrought upon or affected by some delusion as to be unsound; and a weak mind—that is, a mind of what we call a lower grade of intellect—may be so evenly balanced as to be sound. It is not the weakness or strength of mind which determines its testamentary capacity; it is its soundness —that is, its healthy condition and healthy action.

7. Unsoundness of mind may be the result of disease, drunkenness, or of one of many other causes. In case of drunkenness there are two conditions, a will made under either of which is invalid, viz.: Where the will is made during the period while the person is overcome by the delirium of intoxication, or, where the use of intoxicating drinks has been so extended and so excessive as to permanently disable the mind.

8. Undue influence consists in the use, by one in whom a confidence is reposed by another, who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him, or in taking an unfair advantage of another's weakness of mind, or in taking a grossly oppressive or unfair advantage of another's necessities or distress.

9. The issue of undue influence and the principles governing it are entirely different from the principles applicable to unsoundness of mind. Undue influence is entirely distinct from unsoundness. A person may be of sound and disposing mind and yet be the victim of undue influence, and he may also be the victim of such influence when of unsound mind. If Alexander Blanc was of unsound mind on June 12, 1891, when said instrument was signed and published by him—if you find that it was signed and published by him—it is entirely immaterial whether or not any person exercised any undue influence over him in the matter of the making and

execution of said instrument, because unsoundness of mind of itself incapacitates from making a will, influence or no influence. The question to determine here is whether at the time of executing this alleged will—if you find that it was executed—Alexander Blanc was free to do as he pleased, or whether he was then under the influence of Susan Blanc and Stewart Blanc; and, if so, whether he was so far under the influence of Susan Blanc and Stewart Blanc, or either of them, that the will is not his will, but the will of said persons, or of one of them. Of course, persons who intend to control another's actions, especially in regard to making a will, do not proclaim that intent. Very seldom does it occur that a direct act of influence is patent; the existence of the influence must generally be gathered from circumstances—such as, whether he had formerly intended a different disposition of his property; whether he was surrounded by those who had an object to accomplish, to the exclusion of others; whether he was of such weak mind as to be subject to influence; whether the paper offered is such a paper as would probably be urged upon him by the persons surrounding him; whether they were benefited thereby to the exclusion of formerly intended beneficiaries. The question for you to determine is, Was Alexander Blanc, from infirmity of age or from disease or other cause, constrained to act against his will and to do that which he was unable to refuse by importunity or threats, or by any other means, or in any other way by which one person acquires and exercises dominion and control over another? It is not possible to define or describe with exactness what influence amounts to undue influence in the sense of the law; this can only be done in general and approximate terms. In each case the decision must be arrived at by application of these general principles to the special facts and surroundings of the case.

10. You are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in your minds, against a less number, or against a presumption or other evidence satisfying your minds.

11. A witness false in one part of his testimony is to be distrusted in others.

12. In deciding the issues raised by the pleadings in this contest, and submitted to you, you are instructed that the decree which admitted the alleged will to probate is not evidence as to any of the issues involved in this matter, or as to any fact involved in said issues.

13. The decree of this court admitting said alleged will to probate does not raise or create any presumption of law that Alexander Blanc was of sound and disposing mind, or competent to make a will at the time when said alleged will was executed—if the same was ever executed by him.

If you find from the evidence that the deceased, Alexander Blanc, was very strongly attached to his wife, Susan Blanc, and to his nephew, Stewart Blanc; that they were both of them kind, faithful and devoted to him, and that by reason thereof he reposed the greatest confidence in them; and you further find that the said Susan Blanc and Stewart Blanc, or either of them, did use honest intercession, request and argument, and persuasion, to induce said deceased to make said will in their favor, to the exclusion of other of his relatives, and that he voluntarily, and as a result of such honest intercession, request, argument and persuasion, executed said will in their favor, I charge you that such influence so exerted is not an unlawful or undue influence, within the meaning of the law. A lawful influence, such as that arising from legitimate family and social relations, must be allowed to produce its natural results, even in influencing last wills. However great the influence thus generated, there is no taint of unlawfulness in it; nor can there be any presumption of its unlawful exercise merely because it is known to have existed, and to have manifestly operated upon the testator's mind as a reason for his testamentary dispositions.

The influence exerted over the testator to avoid his will must be of such a nature as to deprive him of free agency, and render his act obviously more the offspring of the will of others than his own; and it must be specially directed toward the object of procuring a will in favor of particular parties and must be still operating at the time the will is made.

Influence and persuasion may be fairly used; and a will procured by honest means, by acts of kindness, attention and persuasion which delicate minds would shrink from, will not

be set aside on that ground alone. The influence to vitiate a will must not be the influence of affection or attachment.

The fact that the beneficiaries of a will are those by whom the testator was surrounded, and with whom he stood in confidential relations at the time of its execution, is no ground for inferring undue influence.

Influence gained by kindness and affection will not be regarded as undue, if the will induced to be made through its exercise is voluntarily made.

In order to avoid a will on the ground of undue influence, it must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist. It must not be the promptings of affection; the desire of gratifying the wishes of another; the ties of attachment arising from consanguinity, or the memory of kindly acts and friendly offices, but a coercion produced by importunity, or by a silent, resistless power which the strong will often exercises over the weak and infirm, and which could not be resisted, so that the motive was tantamount to force or fear.

I instruct you that undue influence cannot be presumed, but must be proved, and the burden of proving it lies on the party alleging it; and, although the evidence of undue influence must often be indirect and circumstantial, such evidence must be so clear and strong as to bring conviction to your minds that the respondents did actually use unlawful influence upon the direct act of making the will, and at the time it was made, and that such influence was not such as a wife or other lawful relation is permitted by law to use. The undue influence must be proved to exist as a fact—you are not justified in finding it upon a suspicion.

I instruct you that the words "undue advantage," as used in the special issues to be submitted to you, mean not such an advantage or influence as a wife or lawful relations may use over the testator, but it must be such an advantage as causes him to make a will essentially contrary to his desire, against the dictates of his affections, and not in accordance

with his intentions; for no matter how great may be the advantage used over a testator by one in a lawful relation to him, such advantage is not undue, and cannot invalidate his will, unless it had the effect of causing him to make such a disposition of his property as was against his will and desire, and against his intentions.

The Undue Influence Which will Vitiate a Will is considered in Estate of Casey, 2 Cof. Pro. Dec. 68, and note; Estate of Ingram, 1 Cof. Pro. Dec. 222, and note. This question is further considered with special reference to the lawful or unlawful relations between the parties in Estate of Tiffany, 1 Cof. Pro. Dec. 478. The supreme court appears to take the view, that the real issue is the effect of the influence upon the mind of the testator, and not its source or moral attributes: Estate of Cahill, 74 Cal. 52, 15 Pac. 364; Estate of Ruffino, 116 Cal. 304, 48 Pac. 127.