BENT HOLLOWAY *et al.* v. JOHN W. McINTOSH.

No. 266.

MINORITY, *Not Disclosed — Guardian ad Litem — New Trial.* Plaintiffs in error appeared in the case, employed counsel, and made their defense. They made no request for the appointment of a guardian *ad litem.* They were apparently adults. Their minority was not in any way disclosed to the court. *Held,* The failure to appoint a guardian *ad litem* was not, under the circumstances, a ground for a new trial, under the provisions of the code.

Error from Shawnee circuit court; J. B. JOHNSON, judge. Opinion filed January 27, 1898. Affirmed.

*W. A. S. Bird,* for plaintiffs in error.

*David Overmyer,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : Counsel for plaintiffs in error makes the following assignments of error : (1) the court erred in its instructions to the jury ; (2) the court erred in overruling the motion for a new trial.

While the rule of this court is not complied with by the first assignment of error, in that it does not set out the instruction complained of, yet in the argument by counsel under this assignment the following is quoted from the court's instructions :

" The burden of proof is upon the plaintiff to show

by a preponderance of the evidence that he was injured by the horses of the defendants and the extent of such injury, and if he failed to show by a preponderance of the evidence that he was run over by one of the horses, then he cannot recover."

"It was the duty of the defendants, while exercising their own rights by traveling along the highway, to take care that they did not injure others; and if they rode their horses at such a rate of speed as to injure others who might be peaceably and lawfully upon the highway, then they are liable, if under such circumstances they ran against and injured the plaintiff, unless plaintiff could by ordinary care and prudence have avoided the danger, and failed to do so."

The contention is, that this instruction applied to all the defendants alike; whereas the evidence did not clearly disclose that the particular horse ridden by either one of the defendants, at the time the injury was inflicted, struck the plaintiff, and the presumption to be drawn from all the evidence is that it was one of the horses only which actually came in contact with the plaintiff's person.

It was not necessary for the plaintiff to prove which particular horse of the defendants actually came in contact with his person. It is undisputed that the defendants, presumably by agreement, tacitly if not expressly, were riding in company in a manner that was unlawful and that endangered the safety of other persons upon the highway where they were riding; and one was as much liable as the other for any injurious consequences that resulted from this unlawful conduct. This unlawful act they were all engaged in, in company, and not separately. If either of the defendants desired to have presented to the jury an instruction under any assumed theory of the evidence under which he would be exonerated, he should have

requested such instruction. Under the evidence, the instruction was proper.

The second assignment of error is based upon the fact that no guardian *ad litem* had been appointed for the defendants, who now allege that they were at the time minors. Whether or not they are still in their minority is not disclosed by the record. They appeared to be adults. The record nowhere discloses, previous to or during the trial, the fact of their minority. They employed counsel and defended as adults. They were apparently, so far as the court or the plaintiff could determine, adults. They did not in any manner disclose to the court the fact of their minority, or ask the appointment of a guardian *ad litem*. It cannot be said that the court was guilty of any irregularity in not doing something to which its attention was not in any manner challenged, and therefore the failure to appoint a guardian was not an irregularity upon which to base a motion for a new trial. This has been so expressly held. In the case of *Evans v. The State, ex rel. Rinert*, 58 Ind. 589, the court says :

" The appellant makes the following points : . . . 3d. That the appellant was a minor at the time of the trial, and no guardian *ad litem* was appointed for him to defend the suit. No such objection was taken before trial, no exception reserved, and no such question raised by an assignment of error. The first appearance of this objection in the record is its assignment as a cause for a new trial. It is not such an error, if an error at all, as can be assigned as a cause for a new trial. It is not an error occurring at the trial, and granting a new trial would not correct it. It is therefore not before us."

Again, in the case of *De Priest v. The State, ex rel. Harris*, 68 Ind. 569, the plaintiff in error assigned as

error, *first*, the overruling of his motion for a new trial; *second*, the trial of the cause and the rendition of a judgment against him without first having appointed a guardian *ad litem* to answer for him, a minor; and the court again held that the failure to appoint a guardian *ad litem*, where the minority was not in any manner disclosed, was not an irregularity requiring a new trial. We are of the opinion that the court committed no error in denying the motion for a new trial upon this ground. The first suggestion of minority was made in the motion for a new trial.

It appears from the record that the plaintiffs in error had a fair, impartial trial. The result reached, as disclosed by the evidence, is a just one, and the amount of the verdict is such that it gives them no cause for complaint. Their rights, although minors, seem to have been fully protected. Judgment affirmed.