## EPHRAIM F. McMULLIN

*vs.*

## GEORGE McMULLIN, and certain logs.

Franklin.   Opinion December 29, 1898.

*Pleading. Infancy.*

Infancy of the plaintiff not pleaded in abatement is waived by plea to the merits. See *Same* v. *Same,* ante, p. 336.

ON EXCEPTIONS BY CLAIMANT.

This was an action of assumpsit brought to recover a lien claim for the plaintiff's personal labor in cooking for certain persons engaged in cutting and hauling certain spruce logs from Mt. Abram to Sanders' Mills in the town of Madrid from December 3, 1895, to April 5, 1897. The amount of wages due was $55.00. After due notice the log owner appeared and assumed the defense in the action.

The plaintiff testified that he is a minor, seventeen years of age; that he worked for his father, the defendant; that his father is now living. And, it appearing from the plaintiff's writ that the said minor commenced said action in his own name, without a prochein ami, or guardian or guardian ad litem, and none being asked for or appointed during the trial, the claimant moved that said action be dismissed or become nonsuit.

Thereupon the presiding justice ruled that the action having been instituted by said minor in his own name without a prochein ami or guardian, and that unless objection to the same be taken by motion, or plea in abatement within the first two days of the return term, the action at this stage was properly in court.

To this ruling the claimant took exceptions.

*E. O. Greenleaf*, for plaintiff.

*Frank W. Butler*, for claimant.

Minors cannot institute or defend actions at law or in equity except by prochein ami or next friend. *Leavitt* v. *Bangor*, 41 Maine, 460. He must appear by guardian; he has neither knowledge of his own affairs or to choose one to appear for him. *Marshall* v. *Wing*, 50 Maine, 62.

Where the infant sues alone the defendant must make due objection by plea in abatement or by motion to dismiss. *Blood* v. *Harrington*, 8 Pick. 552. The infant can amend his writ by inserting the name of a next friend. *Blood* v. *Harrington*, supra; *Young* v. *Young*, 3 N. H. 345.

If the suit is begun without a next friend, the proceedings will not be set aside if the appointment is made previous to filing of petition to dismiss and the costs are paid. *Fitch* v. *Fitch*, 18 Wend. 513.

If the defendant knowing the plaintiff to be a minor pleads to the merits of the case without objection, it is no doubt too late to raise the question of infancy after a trial on the merits, but in this case defendant had no knowledge of the infancy of the plaintiff until the day of the trial, but made the objection in the pleading before the trial commenced and immediately moved for a dismissal of said action as soon as plaintiff testified that he was a minor.

If the ruling was correct, an infant, if he is able to conceal his minority during the first two days of the return term, may appear in all legal proceedings with the same legal rights and privileges as one after majority.

It seems reasonable that defendant must not "sleep" after knowing the plaintiff to be a minor, as he may thereby waive his legal

rights, but that he is in no fault, if he acts promptly upon his first information or knowledge of the infancy.

A judgment rendered against an infant alone, will be reversed or set aside on legal application therefor.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J.   Infancy of plaintiff was pleaded in bar, by way of brief statement, among other defenses.   The court ruled that the defense could not be allowed; that it came too late; that it was matter of abatement that could only be pleaded within the first two days of the return term, and that it had been waived by plea in bar.   The ruling was the law.

It was once resolved that judgment in ejectment or other personal action for an infant, who prosecuted the suit by attorney only, was error, and might be reversed.   *Bartholemew* v. *Dighton*, Cro. Eliz. 424; *Rew* v. *Long*, Cro. Jac. 4, 43 Eliz.   But the statute of 21 Jac. c. 13, § 2, enacted that, after verdict, judgments should not be stayed or reversed for infancy of the plaintiff, nor when rendered on default, 4 Anne, c. 16, § 2, leaving that defense, as Williams says in his notes, to be in abatement.   *Foxwist et als.* v. *Tremaine*, 2 Saun. 212.

These statutes became our common law, and in courts proceeding according to the course of the common law, infancy of the plaintiff not pleaded in abatement is waived by a plea to the merits. 1 Chitty, 436; *Gally* v. *Dunlap*, 24 Miss. 410; *Schemerhorn* v. *Jenkins*, 7 Johns. 373; *Drago* v. *Moso*, 1 Spears' Law, 212; *Smart* v. *McCharney*, 14 Hun, 276; *Smith* v. *Van Houten*, 9 N. J. Law, 381.   The want of a prochein ami may be cured by amendment, *Blood* v. *Harrington*, 8 Pick. 552, even when pleaded in abatement.   *Young* v. *Young*, 3 N. H. 345.

*Exceptions overruled.*