### (Surrogate's Court, New York County. November, 1903.)

1. EXECUTOR—ACCOUNTING—REFUSAL TO ANSWER QUESTIONS.

An executor and testamentary trustee made an application to account and resign. The testator had granted him, for certain royalties, exclusive, unexpired rights to manufacture and sell a proprietary medicine, compounded according to a secret formula of the testator. The coexecutors and co-trustees were ignorant of such formula, and alleged that they were entitled to use it, after the expiration of the rights of the accounting executor, in continuing the manufacture of such medicine, and demanded that he disclose such formula to them, and assign all copyrights and registrations of marks and labels. Held that, where such executor denies the right of his coexecutors, he may refuse, before a referee appointed to take the accounting, to answer questions as to what the formula was and as to what formula he now used.

2. SAME—CONTEMPT.

A refusal of an executor, on an accounting on an application for leave to resign, to answer the question whether, if his resignation was granted, he was ready to assign a trade-mark which he held under a contract with his testator, is not ground for punishment for contempt.

3. SAME.

Where an accounting is pending by an executor on application for leave to resign, neither Code Civ. Proc. § 2602, relating to joint custody or deposit of the assets by executors, nor section 2472, giving the surrogate general power to control executors, will authorize an order requiring such executor to communicate to his coexecutors working formulas for compounding medical preparations being put upon the market by him under contracts with the testator.

In the matter of the estate of Edwin G. Freligh. Petition of executor and trustee to account and resign. Application to punish for contempt, and compel executor to answer certain questions. Denied.

Manierre & Manierre, for petitioner.

Kenneson, Crain, Emley & Rubino, for other executors.

THOMAS, S. The respondent is one of three executors and testamentary trustees under the will of the testator. On his petition for permission to account and resign as executor and trustee, an order was made that he account for the purpose of being discharged,

and the questions arising upon the settlement of said account were referred to a referee to hear and determine them. The issues raised by the account of the respondent, and the objections filed thereto by the other executors and trustees, which are deemed most important, concern the rights of the parties in a certain proprietary medicine, and the trade-marks and copyrights heretofore used in connection with it. The formula for this medicine was prepared by the testator, and was by him communicated to the respondent pursuant to a contract under which the exclusive right to manufacture and sell it was granted to the respondent for a specified term of years, who was to pay stipulated royalties. The royalties now being paid amount to $2,500 per year, and the rights of the respondent under the contract, as duly extended, will not expire until December, 1904.

It is contended by the continuing executors and trustees that the formula for this medicine has a large value. They say that they are ignorant of it, and they demand that the respondent disclose it to them. They also ask that any changes in the original formula made by the respondent in manufacturing the medicine be disclosed to them, so that they may be enabled to continue the manufacture after the end of the respondent's term. They also insist that the respondent assign to them all copyrights and registrations of marks and labels used in connection with said medical preparation. The respondent urges that secrecy as to the method of compounding the medicine is his only protection against competition. He objects to making any present disclosure of the formula furnished him by the testator, and he denies the right of his coexecutors or of the parties interested in the estate to be informed of his own changes in the formula, or to take from him copyrighted labels consisting, in part, of certificates that the medicine is prepared by him. He raises questions of jurisdiction in the court, and of substantive right, which need not be more fully set forth.

In the course of the hearing before the referee, the respondent was sworn as a witness, and was asked a series of questions, which he was directed by the referee to answer, and which, by advice of his counsel, he refused to answer. One of the present applications is to punish him for contempt because of such refusal. These questions called upon the respondent to communicate the formula given him by the testator, and the changes he made in preparing the mixture for the market, and the formula actually used by him. The order of the referee requiring the respondent to answer them amounts, if sustained, to the granting to the coexecutors of the very relief the right to which was the issue upon trial. No answer by the respondent could aid the referee in determining the right of the coexecutors to this relief. It was entirely immaterial to the issue on trial as to what drugs were used in compounding the medicine, or in what proportions. The questions were also objectionable in that the witness was not asked to answer them orally, so as to be spread upon the minutes, but in writing and under oath. The information was sought to satisfy the parties, and not for use as evidence. A further question as to whether the respondent was, in the event of his petition for leave to

resign being granted, ready to assign a trade-mark, was entirely improper. It called for no fact, material or immaterial. A witness cannot be punished as for a contempt of court for a refusal to make a promise as to what he will do in the future, and in case of the happening of some contingency. The motion to punish for contempt is denied.

A further application is made to require the respondent forthwith to communicate to his coexecutors and co-trustees full working formulas and directions for compounding and keeping the medical preparations being put upon the market by him under contracts with the testator, with all such changes as may have been made, and also to execute assignments of copyrights and registrations of marks and labels, so that they may have joint custody of the property with him. This relief is claimed to be proper under section 2602 of the Code of Civil Procedure, as to directing joint custody or deposit of assets, and also under the general power to control executors as granted in section 2472. The general power of control "must be exercised in the cases and in the manner prescribed by statute" (Code Civ. Proc. § 2472); and I am not entirely clear that the summary remedy prescribed for the safe-keeping of assets concededly the property of the estate is appropriate for the trial of an issue of ownership of property between one executor, claiming title as an individual, and his coexecutors. In any event, the remedy is discretionary; and where, as in this case, an accounting is pending, in which such an issue can properly be disposed of (Code Civ. Proc. § 2731), the evidence having been nearly all taken, the more complete and deliberate remedy should be preferred. The respondent offered before the referee to place in his custody the original formula prepared by the testator. The right of the coexecutors to anything more than this is debatable, and it should be settled by a decree which can be fully reviewed by appeal. The present application is also denied.

Application denied.