### CONNELLEY v. CONNELLEY.

No. 6084.  Opinion Filed September 1, 1914.

(142 Pac. 1113.)

1.  **APPEAL AND ERROR—Objections—Presentation Below—Necessity.**  Where no objection was interposed in the trial court, either to the trial of the cause or the rendition of the judgment, on the ground of minority of plaintiff and for the want of a guardian ad litem, or next friend, to represent her, and no assignment thereof is made on appeal, no question relating thereto is presented to the Supreme Court.

2.  **SAME—Defect of Parties.**  The question of the minority of plaintiff in a divorce action cannot be raised for the first time on appeal.

3.  **DIVORCE—Sufficiency of Evidence.**  Evidence examined and held sufficient to support the decree of divorce granted by the trial court.

(Syllabus by the Court.)

*Error from District Court, Washita County;*
*G. A. Brown, Assigned Judge.*

Action by Effie Connelley against Guss Connelley.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Smith, Smith & Smith,* for plaintiff in error.

*Brett & Billups,* for defendant in error.

RIDDLE, J.  This is an action for divorce, brought by defendant in error, plaintiff below, against plaintiff in error, defendant below.  Plaintiff alleges, in her petition for divorce, in sub-

stance as follows. That she and defendant were duly and legally married on the 19th day of June, 1913; that defendant has not contributed anything to the support of herself and child since said marriage, although he is an able-bodied man, and has the ability to support her; that the marriage was fraudulent on the part of defendant, in that he married her to escape prosecution for seduction of plaintiff before marriage; that he married her without any intention of living with her; that defendant, after one month and one day, deserted her, without any excuse or provocation whatsoever; that plaintiff acted as a faithful wife towards this defendant.

On August 23, 1913, defendant filed his answer, consisting of a general denial. Thereafter defendant filed his motion to withdraw his answer, for the purpose of demurring, which motion was by the court overruled. Thereafter defendant, without leave of court, filed his second answer, admitting the marriage at the time mentioned, his ability to support, the seduction of plaintiff before marriage, under promise of marriage, and alleged that, at the time of the marriage, both parties were minors, and that they were married under section 3885, Rev. Laws 1910, permitting marriages by consent of parents of persons under age in settlement of suits for seduction. Defendant thereafter filed his demurrer, alleging, as his grounds therefor, the following:

"(1) The petition fails to allege facts sufficient to constitute a cause of action against this defendant. (2) It fails to allege that plaintiff and defendant were duly and legally married. (3) It shows upon its face that plaintiff and defendant were never legally married."

Said demurrer was by the court overruled, to which action of the court defendant excepted. The cause proceeded to trial, over objection of defendant to the introduction of any evidence, before the court, resulting in a judgment in favor of plaintiff, granting her a divorce, restoring her maiden name, and giving her the custody and care of the child.

Defendant prosecutes his appeal to this court, and assigns the following alleged errors in his petition in error:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial. (2) Said court erred in overruling

the demurrer of plaintiff in error to the petition herein. (3) Said court erred in admitting evidence on the part of defendant in error. (4) The judgment of the court is contrary to the evidence. (5) The judgment of the court is contrary to the law. (6) There is fatal variance in the allegations in the petition and the proof introduced by defendant in error."

The first proposition discussed in the brief of defendant is that plaintiff was a minor, and did not bring her action by her next friend. From an examination of the petition in error, we fail to find where defendant assigns as error the failure of plaintiff to have a guardian *ad litem* appointed by the court to represent her in this suit. No specific objection to the right of plaintiff to prosecute this suit was made in the trial court. It is true that, after defendant had filed his two answers, he filed a demurrer to plaintiff's petition, but the demurrer did not attack the right of plaintiff, under the law, to prosecute this suit; and all other grounds of the demurrer, except the sufficiency of the petition to state a cause of action, were waived by filing answer before the demurrer. Nor does it appear that any objection was interposed in the trial court, either to the trial of the cause or the rendition of the judgment against defendant, on the ground of the minority of plaintiff, or for the want of a guardian *ad litem* to represent her in this proceeding. This is not a jurisdictional question (22 Cyc. 644; *In re Cahill*, 74 Cal. 52, 15 Pac. 364), and hence cannot be presented to this court for the first time on appeal.

In *Evans v. State ex rel. Rinert*, 58 Ind. 587, it is said in the syllabus:

"Where no objection is made by such defendant, in the court below, to the failure of the court to appoint a guardian *ad litem*, and no assignment thereof as error is made on appeal, no question relating thereto is presented to the Supreme Court."

To the same effect, see *Holloway v. McIntosh*, 7 Kan. App. 34, 51 Pac. 963; *Walkenhorst v. Lewis*, 24 Kan. 427; *Jones v. Steele*, 36 Mo. 324; *Webber v. Ward*, 94 Wis. 605, 69 N. W. 349; *De Priest v. State ex rel. Harris*, 68 Ind. 569. We therefore hold that the trial court had jurisdiction of the parties hereto, and that defendant cannot for the first time on appeal urge that, because of

the minority of plaintiff, she could not bring this action in her own name without the appointment of a guardian *ad litem.*

The only other question presented by defendant is that there is no evidence to sustain the allegations of the petition that the marriage was fraudulent, or that defendant failed to support plaintiff. We have read carefully the entire record, and find that there is an abundance of evidence to support the grounds for divorce alleged. Plaintiff testified that defendant had not contributed anything to her support since the marriage; and this evidence is not controverted. The record shows that, after the marriage, plaintiff and defendant both lived with plaintiff's father; that plaintiff's father loaned defendant his team and wagon, and that defendant worked with a threshing machine for about three weeks; that, after he came back home with the team, he never contributed any money to the support of plaintiff, but instead he deserted her and left for the state of Texas. The evidence on behalf of plaintiff further shows that defendant had illicit relations with her before the marriage, under promise of marriage, and that, on account thereof, she became pregnant and gave birth to a child on August 8, 1913; that defendant was the father of said child; that the father of plaintiff threatened prosecution of defendant under the charge of rape; but that defendant married plaintiff to escape said prosecution, under section 3885, Rev. Laws 1910, *supra.* Plaintiff's father testified that he treated defendant, after the marriage, as one of the family, until he abandoned plaintiff. From an examination of the evidence, it appears that the only reason that defendant married plaintiff was to escape prosecution on the charge of rape, and that he did not intend to live with and support her as his wife.

We therefore hold that the petition stated a cause of action for divorce; that the evidence on behalf of plaintiff sustains the material allegations of her petition; and that this court has jurisdiction of the parties.

The judgment of the trial court is therefore affirmed.

All the Justices concur.