GUSSIE DE GROAT, as Guardian of MARY DE GROAT, Plaintiff, v. TOMPKINS BUS CORPORATION, Defendant.

GUSSIE DE GROAT, as Guardian of CHARLES DE GROAT, Plaintiff, v. TOMPKINS BUS CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 14, 1932.

*E. F. Driggs*, for the plaintiffs.

*Peter J. Haberkorn*, for the defendant.

Lewis, David C., J.   The defendant in the above-entitled actions brings on this order to show cause seeking to vacate the judgments entered in favor of the infant plaintiffs on the ground that no guardian *ad litem* has been duly appointed for said infants.

After a complete trial of all the issues, the court duly rendered its decision in favor of the infant plaintiffs fixing the respective amounts of their claims for damages for personal injuries.

Upon these decisions counsel for the plaintiffs thereafter entered the respective judgments.   It appears that though proper applications for the appointment of guardians *ad litem* had been filed in the clerk's office (the clerk's docket reciting these facts), the formal orders submitted were never signed by the court; so that to date no guardians *ad litem* for the infant plaintiffs have been actually duly appointed.

The defendant now seeks to set aside and vacate the said trial and the decisions and judgments rendered thereon and entered in favor of the infant plaintiffs, solely because of the abortive efforts or applications for the appointment of the guardians *ad litem*.

The infants are not aggrieved; they make no complaint.   To the contrary, they ask that the decisions and the judgments stand.

The statute aims at safeguarding and protecting infants.   This likewise at all times is the aim of the court.

The omission to have guardians *ad litem* duly appointed and qualified constituted an irregularity in procedure not fatal but curable.   The appointment was not prerequisite to give the court jurisdiction nor can its omission now strip the court of jurisdiction.

" We think that it should now be regarded as settled that the failure to appoint a guardian *ad litem* for an infant plaintiff affects the regularity of procedure, but not the jurisdiction of the court. This seems to have been the theory of the legislature in enacting title one of chapter eight of the Code of Civil Procedure, entitled ' Mistakes, omissions, defects and irregularities.'   This article provides that where a verdict has been rendered, the judgment shall not be stayed, impaired or affected by reason of ' the appearance, by attorney, of an infant party,' if the verdict or judgment is in his favor, and confers ample power upon courts of record to afford

relief against irregularities of every nature, unless it should be contrary to the right and justice of the matter or should alter the issue between the parties." (*Rima* v. *Rossie Iron Works*, 120 N. Y. 433, at p. 440.) (See, also, *Holmes* v. *Staib Abendschein Co.*, 198 App. Div. 354.)

"Adult parties cannot invoke the infancy of another party not represented by guardian *ad litem* to set aside the decree as to themselves. It is not an absolute prerequisite to jurisdiction of an action by an infant that he should sue by guardian *ad litem* or next friend; but a failure to appoint a guardian *ad litem* or next friend for an infant plaintiff merely affects the regularity of the proceedings, and the defect is one which before verdict is amendable, and after verdict and judgment is cured." (22 Cyc. at p. 644.)

Even at common law the courts took the same attitude.

"In a common law action the rule was in practice that an infant should have a *prochein ami* and an infant defendant a guardian appointed before he was allowed to plead; yet a neglect in this respect did not render the proceedings void. The objection was not even a ground of non-suit at the trial. (2 Saund., 212, a. n. 5; 7 John. R. 373.) It could only be taken advantage of by plea and abatement where an infant plaintiff pleaded without a guardian. And where judgment was against the infant it was error in fact for which the judgment would be revoked. *But when the judgment was in favor of the infant it could not be reversed on account of his not having appeared by guardian.* (5 Barn. & Ald. 418, Lil. En. 555; 2 Ld. Raym. 1476.) The want of the appointment of a guardian did not therefore deprive the court of jurisdiction even at common law." (*Croghan* v. *Livingston*, 17 N. Y. 218, at p. 219.) (See, also, *Matter of Frelich*, 42 Misc. 11; *Schemerhorn* v. *Jenkins*, 7 Johns. 373; *Rogers* v. *McLean*, 34 N. Y. 536.)

Surely this court, expressly authorized by statute to amend judgments and orders in furtherance of substantial justice, is not to be denied the right to make an order appointing a guardian *ad litem nunc pro tunc*, in furtherance of the interest of the infants, should such an order be absolutely necessary as a matter of law.

Motion to vacate the judgments denied. Application for the appointment of guardians *ad litem nunc pro tunc* granted. Settle order on one day's notice.