Humberto Lizardi, Petitioner, *v.* District Court of San Juan, Respondent.

No. 1216. Argued July 1, 1940.—Decided July 5, 1940.

*E. Martínez Avilés* for petitioner. The respondent judge did not appear.

Mr. Justice De Jesús delivered the opinion of the court.

On the 10th of May last the petitioner herein instituted in the lower court an *ex parte* proceeding for the appointment of a guardian *ad litem* for his nephews, José and Irma Lizardi, who are 11 years of age. In the petition, which was verified, it was alleged that, under the file No. 32397 of said court, there had been brought a suit by *Emma Lizardi et al.* v. *Pablo Ramón Caballero, etc.*, relating to boundaries in which the petitioner herein was also a plaintiff, and that said infants had improperly been made parties defendant in the same when their interest therein required that they be joined as plaintiffs; that the appointment of a guardian *ad litem* was requested in order to amend the complaint in the suit for the settlement of boundaries so as to join therein the infants as parties plaintiff; that apart from the above-mentioned suit, the plaintiffs propose to bring an action of revendication against the aforesaid Pablo Ramón Caballero wherein said infants must appear as plaintiffs, for which reason it is necessary that in the action of revendication the said infants be represented by a guardian *ad litem*. The petition concluded with the prayer that Rodrigo Manzano Dávila be appointed as guardian *ad litem*.

On the same day, May 10, a hearing was held, and the court rendered the following decision:

"The petition for the appointment of a guardian *ad litem* is denied. It must be requested within the main action. Given in open court in San Juan, Puerto Rico, this 10th day of May, 1940."

Thereupon the petitioner filed in this court a petition for a writ of certiorari to review the above-transcribed order, and after the issuance of the writ was denied on May 22, 1940, he again resorted to the lower court by filing on the 25th of the same month, a motion for reconsideration of its aforesaid decision of May 10, upon which the following order was entered.

"Motion denied, as in accordance with section 56 of the Code of Civil Procedure, this application must be made to the judge before whom the suit is pending and within the same. (Sgd.) M. Romany, Judge.—5/29/40."

The petitioner again applied for a writ of certiorari to review the proceedings had in this case in the lower court.

Section 56 of the Code of Civil Procedure on which the judge of the lower court based his decision, reads as follows:

"Section 56.—When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending, in each case, or by a judge thereof. A guardian *ad litem* may be appointed in any case, when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to represent the infant, insane or incompetent person in the action or proceeding, notwithstanding he may have a general guardian, and may have appeared by him."

The above-noted section, which was adopted from the Code of Civil Procedure of California, where it is designated as section 372, has been construed by the courts of that State in the sense that the appointment of a guardian *ad litem* may be made *ex parte,* and that such an appointment *should be made* before the filing of the complaint in which the infant is to appear as plaintiff. 13 Cal. Jur., p. 206, sec. 54, and cases cited therein. See especially *In re Cahill,* 74 Cal. 52, 15 P. 364.

The interpretation given by the lower court leads to an absurdity and it must therefore be rejected, for if a plaintiff

who intends to litigate is an infant, and hence, lacks capacity to sue, how can he be required to file a complaint which he is not lawfully authorized to present for lack of capacity and thereafter, within that proceeding thus vitiated, have a guardian *ad litem* appointed for him? The logical thing for him to do is to request the appointment of a guardian *ad litem* in an *ex parte* proceeding and, once his capacity has been perfected, to bring the suit in which he is to appear as plaintiff.

■ What we have said above does not relieve the district judge from his obligation to require that there should be presented to him a copy of the complaint which is sought to be filed on behalf of the infants, in order to determine before appointing a guardian *ad litem* whether such an appointment would be beneficial to their interests. If in the opinion of the district judge the action which is sought to be brought is frivolous or in any way prejudicial to the minors, it is his duty to refuse to appoint a guardian *ad litem*.

■ Regarding the action for the settlement of boundaries, wherein the plaintiffs named in the original complaint filed are of legal age, the appointment could have been requested within said action; but as request was also made for the appointment of a guardian *ad litem* to represent the infants in the action of revendication to be filed, according to the decisions cited, there is nothing to preclude the issuance of said appointment to cover both suits within the same order to be entered in the proceedings to provide for such representation.

As there was not presented, nor did the court require the submission of, a draft of the complaint which was intended to be filed in the action of revendication, and as the orders of May 10, 1940, and of the 29th of the same month refusing to reconsider the previous decision, are erroneous, the same must be set aside and the original record of the case returned to the lower court for further proceedings not inconsistent with this opinion.