SARAH SICK ET AL. v. THE MICHIGAN AID ASSOCIATION.

*Next friend.*

Before suit is instituted in behalf of parties all of whom are infants, a next friend must be appointed for them, that defendant may have some one responsible to him for costs.

Where infants are joined as plaintiffs with an adult there must be some one to represent their interests on the record, unless in the case of joint executors some of whom are under age, in which case, as their authority is joint, the adult represents all. But if the suit is *against* the executors, the infants must appear by guardian.

A next friend need not be appointed by the court; it is only necessary that the court should recognize his representative capacity and not dissent. And any proper person may present himself and be accepted as next friend if there is nothing against it.

Where suit was brought on a policy of insurance taken out for the bene-
fit of a wife and minor children, and these beneficiaries sued as
co-plaintiffs, the fact that the mother was not designated as next
friend was *held* no ground for abatement. She would be the nat-
ural guardian when her husband was dead, and her appointment as
next friend would have been a mere formality. The failure to
make it would be cured by verdict, and the court should have .
allowed an amendment instead of turning the minors out of court.

Where infants have been joined as plaintiffs with an adult who has not
been designated as their next friend, though their natural guardian,
the objection that on taking out a writ of error they should have
procured the latter's appointment as next friend, or the adult should
have severed in its prosecution, is too late if not made until the
hearing; it should be raised by a motion to dismiss.

Error to Marquette. Submitted June 22. Decided
June 27.

ASSUMPSIT. Plaintiffs bring error. Reversed.

*F. O. Clark* for appellants. An infant's next friend
cannot, by admissions, destroy the former's rights : *Burt v.
McBain* 29 Mich. 265; *Smith v. Floyd* 1 Pick. 275;
*Brown v. Hull* 16 Vt. 673; *Chandler v. McKinney* 6
Mich. 217; *Smith v. Smith* 13 Mich. 258; a court can at
any time appoint a next friend for an infant: *Frits and
other Infants* 2 Paige 374.

*J. W. Breese* and *H. F. Severens* for appellee. As the
circuit court, in Michigan, has full equity jurisdiction it
may be considered the general guardian of the persons and
estates of infants: *Haines v. Oatman* 2 Doug. (Mich.) 430;
*People v. New York* 11 Wend. 164; *Wilder v. Ember* 12
Wend. 191; *Schemerhorn v. Jenkins* 7 Johns. 372; *Blood
v. Harrington* 8 Pick. 552; *Young v. Young* 3 N. H.
345; *Smith v. Van Houten* 4 Halst. 381; 2 Saund. 212*a*,
notes 4 and 5; 1 Tidds' Pr. 99; 5 Bac. Ab. 151; infants
who are co-plaintiffs with an adult cannot take out a writ of
error: *Jackson v. Hosmer* 14 Mich. 88; and if the adult
desires a review, he should sue out a writ in his sole name
under Supreme Court Rule 35 : *Cole v. Thayer* 25 Mich.
212.

COOLEY, J. The plea in abatement should not have been sustained in this case.

The suit is on a peculiar contract of insurance of the life and health of Frederick Sick, and is instituted in the name of his widow and minor children. If the infants alone had been the beneficiaries, a next friend must have been appointed for them before instituting suit: Comp. L. § 6531; *Wilder v. Ember* 12 Wend. 191; but this is in order that the defendant may have some one responsible to him for costs; and the statute has made no such requirement where the infants are joined with an adult plaintiff. Still there must be even in such cases some competent party representing on the record the interests of the infant plaintiffs, and the authorities seem to have recognized no exception to this rule, except the case of joint executors, some of whom are under age and others not. As the authority is joint in such a case the adult executors represent all: 1 Tidd. Pr. 99; 2 Saund. 212a, notes 4 and 5; Cro. Eliz. 542; though if the suit were against the executors the infants must appear by guardian: *Frescobaldi v. Kinaston* Strange 783; but it is not essential that a next friend should be appointed by the court itself; it is only necessary that the court should recognize his representative capacity and not dissent: *Apthorp v. Backus* Kirby 409; *Judson v. Blanchard* 3 Conn. 579; *Stewart v. Crabbin's Guardian* 6 Munf. 280. And any proper person may present himself and be accepted for this purpose where no reason appears to the contrary. *Stephenson v. Stephenson* 3 Hayw. 123.

This case is peculiar. The mother—the father being dead—sues in the joint right of herself and her minor children, naming them as co-plaintiffs with her. She does not designate herself as next friend, but she is the natural guardian of the children, and is really and manifestly proceeding as such. The appointment in such a case would be a mere formality, and the failure to make it would be cured by verdict. *King v. King* 37 Ga. 205. It is clear then that the suit should not have been abated. Presumptively it is a meritorious suit, and the court should have directed

an amendment instead of sending the infants out of court for a defect so easily remedied. *Young v. Young* 3 N. H. 345.

But it is said the infant plaintiffs are not properly in court here; that they should have procured the appointment of next friend for the prosecution of the writ of error, or the adult plaintiff should have severed in its prosecution. It is too late to make that objection at the hearing; it should have been taken on motion to dismiss.

The judgment must be reversed with costs and the cause remanded.

The other Justices concurred.