## P. R. SANFORD, *et al.*, v. JACOB WILLETTS.

1. PETITION, *Considered Amended.* Where a petition is filed claiming damages on account of the wrongful seizure, under attachment process, of a certain mare named "Jane," and on the trial it appears that the animal seized was in fact named "Iona," and upon application leave is given to amend the petition in one sentence by a change from "Jane" to "Iona," *held*, that although such name appears twice in the petition, and although the application referred to but a single paragraph and sentence, it will be considered in this court as a mere oversight of counsel, and the petition as amended wherever the name "Jane" appears in it.

2. WRONGFUL ATTACHMENT; *Measure of Damages.* In an action on an attachment bond for a wrongful attachment, the measure of damages is the injury to the property attached caused by the attachment, and the expenses and value of the time and labor expended in obtaining a dissolution of the attachment.

### *Error from Shawnee District Court.*

ACTION brought by *Willetts* against *Sanford* and two others, to recover damages for a wrongful attachment. At the January Term, 1882, of the district court, plaintiff recovered a judgment for $240 and costs against defendants, who bring the case here. The opinion contains a sufficient statement of the facts.

*Case & Curtis,* and *H. Safford,* for plaintiffs in error.

*Vance & Crumrine,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on an attachment bond, to recover damages for a wrongful attachment. Two questions are presented:

*First,* It was alleged in the petition that the property attached was a mare named "Jane." This name appears twice in the petition: first, where it alleges ownership of the property of the plaintiff; and second, where it alleges seizure by the deputy constable. On the trial it appeared that the name of the animal was "Iona" instead of "Jane," and on application of the plaintiff, leave was given to amend the petition by changing the name from "Jane" to "Iona." In the first of the two places in which it appeared, the amendment was so made, and upon the amendment the petition remains as alleging the ownership of a mare named "Iona," and the seizure of one named "Jane." Upon this apparent contradiction defendant claims that the judgment against him should not be permitted to stand. This is altogether too technical. But a single animal was referred to in the testimony; but a single animal was attached; and while the name of the animal was given originally in the petition as "Jane," yet the testimony showed that its name was "Iona." This mere matter of name is trifling, and while of course there was an omission of counsel in failing to notice the fact that the name was twice used, yet such omission ought not to prejudice the rights of the plaintiff. The error is not one which goes to substantial rights. When it appeared that the name of the animal attached was "Iona" instead of "Jane," and leave was given to amend, the amendment should be considered as running to every place in the petition in which the name of "Jane" appeared. A failure to make the change in any particular instance must be regarded as a mere clerical omission on the part of the counsel.

*Second,* The only other question is, as to the measure of damages. The court charged this to be the expense incurred and the value of the time and trouble expended in obtaining a release of the property from the attachment, as well as any injury done to the property by means of the wrongful seizure. This is the mere actual damage, and that which is recoverable. (Drake on Attachment, § 175; *Campbell v. Chamberlain*, 10 Iowa, 337.) The instruction was right.

There being no other question, the judgment will be affirmed.

All the Justices concurring.