CHARLES L. WILSON v. ME-NE-CHAS, *as next friend of Shu-ka-see.*

1. PRACTICE — *Amendment of Justice's Transcript.* It is not error to overrule a motion to correct the transcript of a justice of the peace, when it is unsupported by evidence.

2. ———— *Motion to Dismiss — Real Party in Interest.* S., a minor, claiming to be the owner of a horse, brought his action as plaintiff in justice's court, under style of "M. as next friend of S." There was judgment for defendant in justice's court; in the district court, on an appeal, a motion of defendant to dismiss the action because it was not brought in the name of the real party in interest, was properly denied.

3. ACTION *by Minor — Affidavit by Guardian.* The father of a minor, who is his next friend in an action, can as his natural guardian make an affidavit in replevin for his son.

*Error from Jackson District Court.*

CHARLES L. WILSON, plaintiff in error, was a constable of Holton township, Jackson county, and as such, on an execution issued upon a valid judgment against Charles Sheppard, levied upon one gray horse as his property.   Shu-ka-see, an Indian boy at that time about fifteen years of age, claimed to own the horse, and an action was brought in a justice's court for its recovery, entitled "Me-ne-chas as next friend of Shu-ka-see, plaintiff, against Charles L. Wilson, defendant."   Me-ne-chas made an affidavit in replevin, in which he says he is the father of the plaintiff in the above-entitled action, and that said plaintiff is the owner of the horse, describing him.   Summons was issued, and the property was taken upon an order of replevin and turned over to the plaintiff.   Upon the return-day defendant appeared specially before the justice and moved to dismiss the action, which was done by the justice; and at the request of defendant a jury of six men was impaneled, who inquired into the right of possession of the defendant to the property.   After hearing the evidence and being instructed by the court, they returned a verdict for defendant and found the value of the horse to be $40, and that he had sustained $25 damages for its wrongful detention.   The justice rendered judgment accordingly.   From this judgment the plaintiff appealed to the district court.   At the trial in the district court the defendant, by motion, suggested that the transcript of the justice was defective, and asked that the justice be ordered to certify to the district court the correct proceedings in his court, which the defendant says were as follows: When the defendant appeared specially to dismiss the case, the plaintiff suggested that it be dismissed without prejudice to a future action, and after the dismissal the plaintiff brought another action in replevin for the same horse in the same court against defendant, which was dismissed and an appeal taken from the first order of dismissal.   The court overruled that motion, whereupon defendant filed a motion to dismiss for the following reasons:

"1. The action was begun without the filing of a written consent of guardian as required by statute.

"2. The affidavit required by statute has not been made by the party required by statute to make the same.

"3. The action was brought in the name of Me-ne-chas as next friend of Shu-ka-see, minor, whereas a minor should be real party to the action."

This motion was also overruled, and the parties proceeded to the trial of the cause upon its merits.

The defendant claims there was error in the introduction of evidence. The testimony is not all preserved in the case-made, but from that portion brought here we learn that Charles Sheppard, from whom the horse was taken, upon examination in chief states he was not its owner, but had taken it in the spring of 1885 to break and drive. The plaintiff offered in proof the record of the filing of a chattel mortgage in the office of the register of deeds of Jackson county, in which it appeared that Charles Sheppard gave a chattel mortgage on one gray horse eight years old. There is nothing in the record to show the identity of the horse mortgaged with the horse in controversy. The jury rendered a verdict for the plaintiff. Judgment was entered thereon, and the defendant brings the case to this court for review.

*Samuel Crawford,* for plaintiff in error.

*Hayden & Hayden,* for defendant in error.

Opinion by HOLT, C.: There is no error of the court in overruling the suggestion of the defendant to correct the transcript of the justice, for the plain reason there was no evidence offered to support it. From the bill of particulars and the affidavit in replevin it is very evident Me-ne-chas claimed that Shu-ka-see was the real plaintiff in the action, and although it would have been correct to have followed the provisions of § 10, chapter 81, Compiled Laws of 1885, and have had Me-ne-chas appointed as guardian to the suit, or possibly to have commenced the action under the form and style of "Shu-ka-see, by Me-ne-chas his next friend," yet this irregu-

larity is without any possible prejudice to the defendant. Shu-ka-see appears in the pleadings as the real plaintiff, and under the evidence is shown conclusively to be the real party in interest; but the irregularity is so unimportant that the attorneys for plaintiff did not even suggest an amendment, which would have been granted as a matter of course, if asked; without such an amendment, we think the defendant could not possibly have been misled to his prejudice. We think the court right in overruling the motion to dismiss.

The affidavit in replevin was made by Me-ne-chas. In that affidavit Me-ne-chas states he is the father of the plaintiff, not the plaintiff himself, and that the plaintiff is the owner of the horse in question. The affidavit is objected to because it was not made by the plaintiff, his agent, or attorney. This Indian boy was only about fifteen years of age, and the father was his natural guardian. (Comp. Laws of 1885, ch. 46, § 1.) Was the guardian the agent of his child for the purpose of bringing the action and making the affidavit? An agent is one who has been intrusted with the business of another; a guardian is one who is entitled to the custody of the property of an infant. We believe that the natural guardian of a minor is, for the purpose of making an affidavit in replevin, the agent of such minor. If the minor should be so young as to be incapable of making the affidavit himself or of appointing an agent or applying for a guardian to the suit, it would seem to be quite right and proper for the natural guardian to make such affidavit for him. We believe the guardian, either the natural guardian or one appointed for the conduct of the action, would be a proper party to make an affidavit in replevin. There was no error in the rejection of the chattel-mortgage records of Jackson county. The white horse six years old, spoken of in this action, was not identified as being the white horse eight years old claimed to have been mortgaged by Sheppard.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.