CATHERINE McDONALD AND ANNIE McDONALD v. DAVID H. WEIR.

76 243
f153 218
153 227

*Infants—Appointment of next friend—Justices of the peace—Appeal —Notice of set-off—Continuance of cause—Costs.*

1. It is not error for the circuit court on the trial of an appeal from a justice's judgment in favor of a mother and her daughter, to appoint the mother next friend of the daughter, whose infancy is for the first time brought to the attention of the court, no objection having been raised in the court below.

2. In this case it is held that a defendant who enters upon a trial without giving notice of set-off, relying upon nonsuiting the plaintiffs (a mother and daughter), because a next friend had not been appointed for the daughter, which appointment is made after entering upon the trial, after which the defendant asks for time to give notice of set-off, but declines an offered continuance of the case upon the payment of costs, demanding the costs of the term himself, and makes no defense, is not entitled to any relief in the Supreme Court.

Error to Iosco. (Simpson, J.) Argued June 27, 1889. Decided July 11, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*C. R. Henry,* for appellant.

*Henry & Jahraus (M' Cutcheon & Elliott,* of counsel), for plaintiffs.

MORSE, J. The plaintiffs sued defendant in justice's court for labor performed, as they claim upon a *joint* hiring at five dollars per week for the two.

The defendant did not appear, and the plaintiffs had judgment for $89.39.

The defendant took a special appeal to the circuit court for the county of Iosco. Upon argument the special appeal was overruled, and the parties proceeded to trial as on a general appeal.

After the plaintiff Catherine McDonald had been sworn as a witness and examined and cross-examined, the defendant's counsel asked for a nonsuit, on the ground that it appeared from her testimony that the plaintiff Annie McDonald was an infant but 17 years of age, and that no next friend had been appointed for her before commencement of suit. This was the first time the question had been raised. After some discussion among counsel, the circuit judge made an order appointing Catherine McDonald as next friend of Annie. This is assigned as error.

This action was proper. A case directly in point is *Sick v. Aid Association*, 49 Mich. 50 (12 N. W. Rep. 905).

Defendant's counsel then stated that they were not there to meet the case on the merits; that they had relied upon this defense, and the making of the order had deprived them of it; if they had had a chance to appear in justice's court they should have filed a plea, and given notice of an offset; as the case then stood they were not prepared for trial.

The court asked if they wished an adjournment. Counsel stated that they did not, unless the same could be granted without terms.

The trial then proceeded. Defendant's counsel then objected to any testimony on the part of the plaintiffs on the ground that no bill of particulars had been filed or furnished in the case. Plaintiffs' attorneys claimed that no notice had been served upon them to furnish such bill. Defendant's attorney then read the affidavit of one Deitz that he served a demand for a bill of particulars upon J. F. Henry, one of the firm of Henry & Jahraus, attorneys for plaintiffs, and asked permission to file the same, which was granted. The affidavit

states that this demand was served in the month of February, 1888, but the exact date could not be given.

It was objected that this demand was served before Henry & Jahraus had appeared in the circuit court, although they were plaintiffs' attorneys in justice's court. It was contended that the notice at the time it was served should have been served on the plaintiffs personally. It also appeared that the following bill of particulars was filed in the justice's court: "To work and labor, $114.39." J. F. Henry denied that any demand for a bill of particulars was served upon him as stated in Deitz's affidavit.

After some talk among counsel, the court suggested that he would permit the plaintiffs to file a bill of particulars then, which was done, the items of the same amounting to $280 for work and labor.

Defendant's counsel objected to this, and took an exception, and then asked time to file and plead an offset. The court granted to defendant the privilege of doing so *instanter*, but it was claimed that the items of the set-off desired to be pleaded were at Oscoda, some 16 miles from the place of trial, and could not then be given.

Defendant's attorney then moved the court for time to produce the items of his set-off, and that the term fees be paid to him by plaintiffs. The defendant had pleaded the general issue before the trial, but had given no notice of set-off.

The court and attorneys for the plaintiffs offered to grant defendant a continuance, and the right to amend his pleadings, upon the payment of five dollars attorney fee and the costs of the term, but he would not accept it upon these conditions. Finally the court said:

"I will state here, as a matter of record, that, as the case now stands, if the defense desire to change their plea, and give notice of set-off, they can do so, without costs, but it must be done the same as the bill of particulars, here now in

open court, and proceed to trial; otherwise, if any continuance is had, it will be upon terms.

"*Defendant's Attorneys.* Our books containing the items of the account are 16 miles from here, and we cannot get them.

"*By the Court.* There has never been any proper proof in this court of proper service of demand for bill of particulars, and, so far as this serving of a bill of particulars is concerned, it has been a voluntary action on their part. There is no proof that there was a demand for a bill of particulars before coming to trial; there was nothing about their serving that bill of particulars at all. If you wish to file notice of set-off, and amend the plea now, all right."

Defendant's counsel then wanted more time in which to prove that this demand was served on Henry & Jahraus, after they had noticed the cause for trial, which was on the seventeenth of February, 1888. This request was refused, as the counsel wanted an adjournment until the next day to procure a further affidavit from Deitz, who was at Oscoda.

Defendant's counsel then announced that under the ruling they would be unable to make any defense, but that they had a set-off for medical services,—the defendant being a physician,—but which they were unable to produce, the doctor's books being at Oscoda. Defendant's attorney declined to cross-examine any witnesses, or to take any further part in the trial.

The cause was submitted to the jury, who found a verdict in favor of the plaintiffs for $91.30.

The action of the court, as above set forth, is assigned as error, but we are not disposed to hold that any was committed. It is evident that the defendant, through his counsel, went to court, as was substantially stated by his counsel, relying entirely upon the technical defense that the plaintiffs must be nonsuited because no next friend had been appointed for Annie McDonald before commencement of suit. The claim of plaintiffs, which was for work and labor at five dol-

lars per week, must have been fully understood by defendant, and yet he went to trial without pleading a set-off.

Although the bill of particulars filed and served in the circuit on the trial was larger than the one filed in the justice's court, being as follows:

" To personal work and labor of said plaintiffs and appellees for said defendant, at his request, from November 17, 1886, to December 22, 1887, at $5 per week, $280,"—

The amount claimed was no greater than in justice's court, and for the same kind of services. The sum of the matter is this: Defendant relied upon nonsuiting plaintiffs on his technical defense, and neglected to plead his set-off. Failing in this defense, he then wanted to file his set-off, and time to do it, and have the costs of the term besides. He was offered a continuance upon payment of costs, but declined it. He then made no defense. The whole fault was his, and he is entitled to no relief here.

It is also objected against the verdict that the testimony on the part of the plaintiffs showed a separate hiring of the plaintiffs, and therefore they ought not to have recovered jointly. We think the evidence of the contract, and the employment under it, was properly submitted to the jury, and that they found in accordance with the testimony.

The judgment is affirmed, with costs.

The other Justices concurred.