GEORGE PARKINS v. GEORGE ALEXANDER, Appellant.

**Infants:** JUDGMENT: *Jurisdiction.* A justice's judgment in an action
1    by a minor in his own name, although it may be erroneous, is not
     void under Code 1873, section 2565, providing that the action of a
     minor "must be brought by his guardian or next friend."

SUBSTITUTION OF NEXT FRIEND: *Appeal.* Under Code, 1873, section
2    2565, providing that the action of a minor must be brought by his
     guardian or next friend, but giving the court power to substitute
     his guardian or another person as a next friend; and section 2689,
     relating to proceedings in district court allowing the addition or
     striking out of the name of a party,—a district court can, in an
     action begun by a minor in justice court in his own name, and
     appealed, substitute his next friend as plaintiff.

*Appeal from Taylor District Court.*—HON. W. H. TED-
FORD, Judge.

THURSDAY, APRIL 7, 1898.

ACTION at law commenced in justice's court. A
judgment was rendered by that court in favor of the
plaintiff; an appeal was taken; and the judgment was
affirmed by the district court. The defendant appeals.
—*Affirmed.*

*Jackson & Miller* for appellant.

*L. T. McCoun* and *J. R. Plummer* for appellee.

ROBINSON, J.—This cause is submitted for our con-
sideration on a certificate of the trial judge, which
shows the following facts: "The plaintiff is a minor, and

commenced this action in his own name.  The defend-
ant pleaded in justice's court, in abatement, that the
plaintiff was a minor, and had not legal capacity to
maintain this action in his own name.  The plaintiff, in
reply, admitted that he was a minor, but stated that he
had been emancipated by his father and given his
time, and therefore had capacity to sue in his own name.
Judgment was rendered against the defendant for $40
and costs, and he appealed to the district court.  He
asked that court, by motion, to dismiss the plaintiff's
cause of action, and to sustain the plea in abatement;
and, by agreement, the question whether the action
should be abated was submitted to the court on the
pleadings.   The defendant's motion was overruled,
and, on the application of the plaintiff, his father, as
next friend, was substituted as plaintiff.  Judgment
was thereafter rendered affirming that of the justice's
court.

The questions certified for our determination are as
follows:  "(1) Could the court substitute a next friend
for the minor, and thus acquire jurisdiction on appeal,
after the suit had been commenced in the name of the
minor?  (2) Does our statute authorize the court to per-
mit the plaintiff to amend and bring in a next friend
after he has commenced a suit in his own name, and
after appeal?"

Section 2565 of the Code of 1873 is as follows: "The
action of a minor must be brought by his guardian or
next friend; but the court has power to dismiss it, if it
is not for the benefit of the minor, or to substitute the
guardian of the minor or other person as next friend."
It is contended by the appellant that the minor has no
capacity to sue; that an action cannot under any cir-
cumstances be commenced by him; and that the require-
ment of the statute that his action must be brought by
his guardian or next friend is mandatory.  It is urged,

further, that the appearance of a guardian or next friend is jurisdictional; that, in the absence of such appearance, a court cannot acquire jurisdiction of the cause of action of a minor; and that in this case the district court did not acquire jurisdiction by appeal. The common law capacity of a minor to transact business for himself has been somewhat enlarged by our statute. At common law the contracts of a minor, excepting for necessaries, did not, as a rule, bind him unless he affirmed them after attaining his majority. *Wright v. Germain*, 21 Iowa, 585; *Murphy v. Johnson*, 45 Iowa, 57. But, under the statute of this state, he is bound by his contracts unless he disaffirms them within a reasonable time after he attains his majority. Code 1873, section 2238. Where a contract for the personal services of a minor is made with him alone, payment to him for services rendered according to the terms of the contract is a full satisfaction for the services rendered. Id. section 2240. It is the theory of the law that a minor is not competent to maintain and protect his own interests in court. *Cavender v. Smith's Heirs*, 5 Iowa, 193. Hence the rule has been established that he must be represented in proceedings in court by his guardian or next friend. The rule is primarily for the benefit of the minor; but interested persons may, in proper cases, insist upon the observance of the rule for their own protection. It is not true, however, that a court can acquire jurisdiction of a minor only through his guardian or next friend. Section 2566 of the Code of 1873 provided that "the defense of a minor must be by his regular guardian, or by a guardian appointed to defend him where no regular guardian appears. * * * No judgment can be rendered against a minor until after a defense by a guardian." In the case of *Drake v. Hanshaw*, 47 Iowa, 291, which arose under that section, it was shown that a minor had appeared by

an attorney in an action in justice's court, but was not represented by guardian. After verdict, he moved in arrest of judgment, on the ground that he was a minor; but the motion was overruled, and judgment was rendered against him, and no appeal was taken. The case cited was commenced to enjoin the enforcement of the judgment, and to annul it. This court held that the justice's court had jurisdiction of the defendant and the subject-matter of the action, and also held that the failure to appoint a guardian was a mere irregularity; that the judgment was not void, and must be regarded as in force until set aside by proper proceedings at law. See also, *Milne v. Van Buskirk*, 9 Iowa, 558; *Myers v. Davis*, 47 Iowa, 330; *Hoover v. Plow Co.*, 55 Iowa, 668; 10 Enc. Pl. & Prac. 596. The actions and proceedings considered in those cases were against minors, and minors over fourteen years of age might have been brought into court by service of notice on them alone; but, notwithstanding that fact, we think the rule which governed in the cited cases is applicable to actions brought by minors. Certainly, there is as much reason for applying it to actions voluntarily commenced by minors as to those in which they are made defendants without volition on their part. Whether the justice's court erred in not sustaining the plea in abatement, or in not requiring the substitution of the minor's guardian or next friend, are questions not before us; but we are of the opinion that it had jurisdiction of the minor, and that it had jurisdiction of the subject-matter of the action is not questioned. Therefore, although its judgment may have been erroneous it was not void, and the district court acquired jurisdiction of the cause by appeal.

Section 2689 of the Code of 1873 refers to proceedings in district courts, and provides that "the court may, on motion of either party at any time, in furtherance of

justice, and on such terms as may be proper, permit such party to amend any pleadings, or proceedings by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved." Justice was certainly promoted by permitting the substitution as plaintiff of the minor's next friend. The substitution did not change the claim of the plaintiff, nor affect the right of the defendant to make defense, and was fully authorized by the section quoted. *Adae v. Zangs,* 41 Iowa, 540; *Clow v. Murphy,* 52 Iowa, 695; *Type Foundry v. Medes,* 60 Iowa, 525; *Boos v. Dulin,* 103 Iowa, 331. It is not accurate to say that the district court acquired jurisdiction by the substitution of the minor's next friend as plaintiff; but, so far as the questions certified are properly framed, they are answered in the affirmative, and the judgment of the district court is AFFIRMED.