HANDSEL A. ABBOTT v. LAURA BEATRICE ABBOTT.
**No. 13,138.** (75 Pac. 1041.)

Error from McPherson district court; M. P. SIMPSON, judge. Opinion filed March 12, 1904. Affirmed.

*Frank O. Johnson, George A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.
*Grattan & Grattan,* for defendant in error.

*Per Curiam:* This action was commenced in the name of a minor by her mother, designated in the title as "guardian", and, it was said, by another person called an attorney in fact. No appointment as guardian was alleged or proved. The mother, however, was the natural guardian and assumed all the duties and liabilities, and became subject to all the obligations and restraints of a next friend.

The action was for the benefit of the infant, and the mother was as substantially a next friend, so far as the conduct of the cause was concerned, as if she had been so described; and since the trial court has accepted the offices and approved the conduct of the party who, in fact, bore to the infant the relation of next friend, this court will not now overturn a verdict and judgment for lack of a for-

mality in name which could have been supplied, if necessary, at any time either before or after judgment.

The admissions of the defendant removed from the controversy the question of ownership of the land by the infant's grantor. It was also admitted that the wheat sued for was rent wheat and the amount and value were agreed upon. There could be no controversy, therefore, but that the wheat was a share of the crop, which, under the statute, belonged to the landowner and passed by his deed.

None of the claims of error are of substantial merit, and the judgment of the district court is affirmed.