HILL v. REED.

No. 2199, Okla. T. Opinion Filed May 12, 1909.

(103 Pac. 855.)

1.     INFANTS—Guardian Ad Litem or Next Friend. Under sections 4229, 4937, Wilson's Rev. & Ann. St. 1903, a minor may institute and prosecute a suit in justice court by some adult as his next friend or by guardian ad litem appointed by the justice before whom the action is brought.

2.     JUSTICES OF THE PEACE—Action by Minor—Appeal—Amendment. Failure of a minor plaintiff to institute and prosecute his action in a justice court by some one as next friend or guardian ad litem is not a jurisdictional defect, but an irregularity that may be cured by amendment on appeal in the district court, where leave was asked for such purpose by the minor plaintiff.

3.     APPEAL AND ERROR—Amendment of Pleadings—Presumption. Where leave is granted to a minor plaintiff to amend his bill of particulars to show that he prosecutes his action by his adult brother as next friend. and where both parties to the action and the court in the subsequent proceedings in the trial treat such amendment as made, and no objection was made in the trial

court by defendant that such amendment had not actually been made, it will be treated by the Supreme Court on appeal as having been made.

(Syllabus by the Court.)

*Error from District Court, Kay County.*

Action by John Reed against Roy Hill before a justice. On appeal an amendment to the complaint, showing that the action was prosecuted by George Reed, next friend of plaintiff, was allowed. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was originally instituted in the justice court of W. H. Smart, a justice of the peace within and for the city of Newkirk, Kay county, by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, to recover for work and labor performed. A change of venue was taken from the justice court in which the case was originally filed to the justice court of M. W. Musselman, also a justice of the peace within and for the city of Newkirk. In that court judgment by default was rendered against defendant. Defendant appealed to the district court. After the case had been called for trial in the district court and a jury had been impaneled, plaintiff, speaking through his attorney, made application to the court to amend his bill of particulars filed in the justice court, in order to substitute and show that he prosecuted the action in the name of George Reed as his next friend. The amendment was permitted by the court. It appears from the record that at the time John Reed, the real plaintiff, brought the action in the justice court, as well as at the time of the trial in the district court, he was a minor, and that no guardian *ad litem* was appointed by the justice court. The trial in the district court resulted in a judgment for plaintiff, from which judgment this proceeding in error was brought in the Supreme Court, where it was pending at the time of the admission of the state into the Union, and is now before us under the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267) for final disposition.

*Sam K. Sullivan,* for plaintiff in error, cited: *Sick v. Association* (Mich.) 12 N. W. 905; *Linner v. Crouse,* 61 Barb. 289; *Hoftailing v. Teal,* 11 How. Prac. 188; *Segelkin v. Meyer,* 94 N. Y. 473; *Twine v. Carey* (Okla.) 37 Pac. 1096; *In re Mahoney,* 34 Hun. 501; *Dailey v. Doe,* 3 Fed. 903.

*Moss & Turner,* for defendant in error. No brief reached the reporter.

HAYES, J. (after stating the facts as above). For reversal of this case, defendant urges in his brief four assignments of error, which, in abbreviated form, are as follows: (1) The court erred in overruling the motion of plaintiff in error for a new trial. (2) The court erred in entering judgment against plaintiff in error, for the reason that it was without jurisdiction of the case, since the case was brought and prosecuted in the justice court by plaintiff, a minor, in his own name, and the justice court never obtained jurisdiction. (3) The court erred in granting plaintiff leave to amend his complaint, so as to show that he prosecuted the action in the name of George Reed as his next friend. (4) The court erred in entering judgment against plaintiff, for the reason that, although leave therefor was granted, no amendment to his petition was in fact ever made by which plaintiff's bill of particulars was made to show that plaintiff prosecuted the action by a next friend or guardian *ad litem.*

Since the propositions presented by the first three assignments are closely related, we shall consider them together.

In some jurisdictions, where it is provided by statute that infants shall sue by guardian *ad litem* appointed by the court, an action by an infant commenced by a next friend is unauthorized and irregular. *Hoftailing v. Teal,* 11 How. Prac. (N. Y.) 188; *Freyburg v. Pelerin,* 24 How. Prac. (N. Y.) 202.

Section 4937, Wilson's Rev. & Ann. St. 1903, which is section 10 of the Code governing the procedure before justices of the peace in civil cases, provides as follows:

"When a guardian to the suit is necessary, he must be appointed by the justice as follows: First. If the infant be plain-

tiff, the appointment must be made before the summons issues, upon the application of the infant, if he be of the age of fourteen years or upwards; if under that age, upon the application of some friend. The consent, in writing, of the guardian to be appointed, and to be responsible for the costs if he fails in the action, must be filed with the justice. Second. If the infant be defendant, the guardian must be appointed before the trial. It is the right of the infant to nominate his own guardian, if the infant be over fourteen years of age, and the proposed guardian be present and consent, in writing, to be appointed; otherwise the justice may appoint any suitable person who gives such consent."

This section, as a careful reading will disclose, does not prescribe that actions shall not be prosecuted by an infant plaintiff or against an infant defendant except by a guardian *ad litem* appointed by the court, but provides, when such guardian is necessary, how and when the appointment shall be made by the justice.

Section 4229, Wilson's Rev. & Ann. St. 1903, being section 31 of the General Code of Civil Procedure, provides that an action of an infant may be brought by his guardian or next friend. This section of the statutes is, by section 5113, Wilson's Rev. & Ann. St. 1903, made to apply to proceedings before justices of the peace. It therefore follows, under the provisions of our Code, that plaintiff in the case at bar might have brought his proceeding in the justice court by some person as his next friend or by guardian *ad litem* appointed by the justice, and it remains for us only to determine whether the failure of plaintiff to institute his action by some one as next friend and of the court to appoint a guardian *ad litem* before the issuance of summons in the justice court was fatal to the jurisdiction of that court, or whether it was only an irregularity that might be amended during the subsequent proceedings in the case.

The question here presented has never been passed upon by this court, nor by the Supreme Court of the territory, nor has it, to our knowledge, been directly passed upon by the Supreme Court of Kansas, from which state our Code was adopted; but

courts of other jurisdictions have frequently passed upon this question, and we think that the rule is well established contrary to the contention of defendant, and is stated, in 14 Encyclopædia of Pleading & Practice, p. 1016, in the following language:

"Where the proceedings are conducted without the intervention of a next friend or guardian *ad litem,* in a case where one is required, or where the appointment is irregular, the judgment is irregular and voidable; but while a failure to appoint a next friend or guardian *ad litum,* or to sue by one, is irregular, it is merely that. The defect is not a jurisdictional one, and hence the judgment is not void."

*Hicks v. Beam,* 112 N. C. 642, 17 S. E. 490, 34 Am. St. Rep. 521, is an action which was originally brought in a justice court by a minor plaintiff, who recovered therein against defendant for work and labor done. After appeal by the defendant to the superior court, and during trial in that court, plaintiff's minority was disclosed for the first time, whereupon at the conclusion of the evidence defendant moved to dismiss the action for the reason that the court was without jurisdiction because plaintiff had failed to institute his suit in the proper manner, namely by a next friend duly appointed by the court. The Supreme Court of that state, in passing upon this contention of the defendant, said:

"The defendant in the case under consideration might have set up this preliminary defense along with the general denial, either by memoranda in the nature of a plea, or by an answer in the justice's court, or after appeal in the superior court by leave, and under the rule laid down in the cases we have cited it was his right to demand that the defense be passed upon in some way before the trial on the merits. * * * It was too late to raise the question by motion to dismiss after the testimony bearing upon the merits had been heard. The defendant may ordinarily get the benefit of the objection that the plaintiff is an infant by motion to amend at this stage of the proceeding, if the court in its discretion allows the amendment; but, where the disability still continues when such motion is made, the usual practice of the court is to protect the infant by allowing him also to amend his summons and complaint by inserting the name of a guardian or next friend."

It was held by the Supreme Court of California, in a well-considered case, where defendant moved to dismiss upon the ground that the plaintiff was a minor and that no guardian *ad litem* had been appointed, that it was not error for the trial court to deny the motion and permit plaintiff to amend so as to prosecute her suit by her next friend, and that failure of the plaintiff to have a guardian *ad litem* appointed before the beginning of the action was not a jurisdictional defect. *In re Cahill,* 74 Cal. 52, 15 Pac. 364. In *Foley v. California Horseshoe Co.,* 115 Cal. 184, 47 Pac. 42, 56 Am. St. Rep. 87, wherein the minor plaintiff averred the appointment of a guardian *ad litem,* which the court subsequently found void and made its order appointing a guardian *ad litem,* the court, speaking through Mr. Justice Henshaw, said:

"The judgment for plaintiff, even without the appointment of a guardian *ad litem,* would not have been void."

Defendant insists that the above-cited cases, and numerous others holding to the same effect unnecessary to cite here, are distinguishable from the case at bar, in that the language of section 4937 is that "the appointment must be made before the summons issues," and is mandatory and absolutely prerequisite to the attaching of jurisdiction in the justice court; but a careful investigation of the authorities discloses that the courts make no distinction in the application of the rule, whether they are acting under a statute the language of which is mandatory in its form, or under a statute the language of which is only directory. The Supreme Court of Alabama, under a statute which required that infants "must sue" by next friend and "must be defended" by a guardian of the appointment of the court, held that a judgment rendered against a minor defendant over 14 years of age upon whom service of summons was made, but for whom no guardian *ad litem* to make his defense was ever appointed by the court, was not void, and in speaking of the mandatory feature of the statute used the following language:

"And there is, we take it, nothing in the suggestion that, be-

cause of the mandatory terms of section 2579 of the Code, a judgment against an infant without the appointment of a guardian *ad litem* is not merely erroneous and irregular, but void. This section is equally mandatory in respect of suits by infants. They 'must sue by next friend.' Yet it would scarcely be insisted that a judgment at the suit of an infant in his own name against one *sui juris* would be void." (*Levystein Bros. v. O'Brien*, 106 Ala. 352, 17 South. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56.)

*Parkins v. Alexander*, 105 Iowa, 74, 74 N. W. 769, is a case in point. Plaintiff in that case, a minor, brought his action in the justice court. His minority was not disclosed until after the case had been appealed to the district court, where the district court permitted him to amend his pleading and substitute his next friend as plaintiff. The court held, under a section of the Code of that state which provided that an "action of a minor must be brought by a guardian or next friend," but which gave the court power to substitute his guardian or another as next friend, that failure of the plaintiff to bring his action by a next friend was not fatal to the jurisdiction of the justice of the peace, and that, although the justice of the peace had refused to sustain a plea in abatement made by defendant in the justice court, the justice court had jurisdiction of the minor and of the subject-matter of the action, and on appeal to the district court plaintiff's petition could be amended so as to substitute the minor's next friend as plaintiff. Other cases directly in point are *McDonald et al. v. Weir*, 76 Mich. 243, 42 N. W. 1114; *Hoskins v. White*, 13 Mont. 70, 32 Pac. 163; *Blair et al. v. Henderson*, 49 W. Va. 282, 38 S. E. 552. *Holloway v. McIntosh*, 7 Kan. App. 34, 51 Pac. 963, and *Wilson v. Me-ne-chas*, 40 Kan. 648, 20 Pac. 468, are cases not directly in point, but the reasoning of the court therein is in harmony with the doctrine of the foregoing cases. See, also, *Abbott v. Abbott*, 68 Kan. 824, 75 Pac. 1041.

On appeal from the justice court to the district court, under the statute in force in the territory of Oklahoma at the time of the trial in the case at bar, a trial *de novo* was had. Section 4343, Wilson's Rev. & Ann. St. 1903, provides that the court may, be-

fore or after judgment, in furtherance of justice, amend any pleading, process, or proceeding by adding or striking out the name of any party or correcting a mistake in the name of any party, or a mistake in any other respect when such amendment does not change substantially the claim or defense. The action of the trial court in permitting the amendment, so as to show that plaintiff prosecuted the action by his brother as next friend, was in furtherance of justice and in no way changed the claim of the plaintiff nor affected the defense of the defendant, and is such an amendment as is contemplated and provided for by the foregoing section. *Parkins v. Alexander, supra,* and *Rima v. Rossie Iron Works,* 120 N. Y. 433, 24 N. E. 940.

Defendant contends, however, under his last assignment of error that if the court was authorized to permit plaintiff to amend his bill of particulars in the manner granted, still the court erred in rendering judgment for him, for the reason that no amendment was in fact made by the plaintiff. After the jury had been impaneled in the district court, plaintiff, through his attorneys, informed the court of his minority, and orally asked leave of the court to amend his bill of particulars filed in the court below, so as to add the name of George Reed, his brother, as next friend, and show the action to be prosecuted by plaintiff by his next friend. His application was sustained by the court, and plaintiff was granted leave to file an amended bill of particulars in accordance with his request. His counsel then requested the court to consider the amended bill as filed and allow the case to proceed to trial. The response of the court was that plaintiff was granted leave to amend his bill of particulars by substituting George Reed as plaintiff's next friend in this action. Throughout the remainder of the trial the amendment was treated as made, and the action was treated as one brought by plaintiff in the name of his next friend, George Reed. The action was so referred to by the attorneys in the questions propounded to the witnesses. At the conclusion of the evidence the court began his instructions to the jury in the following language: "This is a suit brought by John Reed, by George Reed, his next friend, as

plaintiff, against Roy Hill, to recover the sum of $99.60. * * *"
The verdict is entitled: "John Reed, by His Next Friend, George
Reed, Plaintiff, v. Roy Hill, Defendant." The judgment, the
motion for a new trial, and the order overruling the motion for
a new trial are similarly entitled. It does not appear, however,
in the record, that the amendment of plaintiff's bill of particu-
lars was ever made in conformity with the leave granted with
him. A somewhat similar state of facts was before this court for
consideration in *Bullen v. Arkansas Valley Western Ry Co.,* 20
Okla. 819, 95 Pac. 476. In that case, after the introduction of
evidence had been closed, plaintiff asked and was granted leave to
amend his petition to conform to the proof. The exact proof to
which the petition was to be amended to conform was stated by
plaintiff in his application to amend and by the court in granting
leave to amend. The amendment, however, was never actually
made, so far as the record disclosed; but both parties to the ac-
tion, and the court, proceeded to a determination of the case upon
the theory that such amendment had been made, and this court
held that where such amendment was in furtherance of justice,
and no motion was made to strike from the record the evidence to
which the amendment was to make the petition conform, it would
be considered on appeal that such amendment was made, although
the record did not disclose that it was filed.

Other cases of this jurisdiction in which it has been held that
an averment which might have been amended below on motion to
conform to the proof will be deemed by the appellate court to have
been so amended are *Mulhall v. Mulhall,* 3 Okla. 252, 41 Pac.
577, and *Carson v. Butt,* 4 Okla. 133, 46 Pac. 596. In *Mulhall v.
Mulhall* one of the issues upon which the case was tried was not
presented by the pleadings; but testimony was offered without ob-
jection upon said issue by both parties, and the trial court found
upon the same, and the Supreme Court held that the pleadings
would be considered amended so as to include said issue.

In *Manufacturing Co. v. Boyle,* 46 Kan. 202, 26 Pac. 408,
during the progress of the trial, permission was granted to amend

the answer. Proof was offered, and the parties proceeded in the trial as if the amendment had actually been made. The court held that under such circumstances the answer should be treated as having been amended. Other cases holding similarly are *Sanford et al. v. Willetts*, 29 Kan. 647; *Bank of Lindsborg v. Ober & Hageman*, 31 Kan. 599, 3 Pac. 324.

In the trial court defendant made no objection that the amendment allowed had not actually been made, but by his own acts treated the amendment as made, and objects for the first time in this court that it was not made. The court treated the amendment as made, and in his order allowing same specifically stated in what respect the bill of particulars should be amended. In the absence of any objection on the part of defendant that the amendment was not formally filed, and in view of the fact that the court and all the parties thereto treated the amendment as made, this court should consider it as made.

There being no reversible error in the record, the judgment of the trial court is affirmed.

All the Justices concur.