**FIRST STATE BANK OF VINITA et al. v. FAY et al.**

No. 7609—Opinion Filed July 25, 1916.

(159 Pac. 505.)

**Infants—Actions—Next Friend.**

Where the guardian of an infant is removed for his failure to account to the county court for money due the infant, and no guardian is appointed to succeed the guardian removed, an action upon the bond. for the benefit of the infant, may be brought by a next friend.

(Syllabus by Edwards, C.)

Error from District Court, Adair County; John H. Pitchford, Judge.

Action by W. P. Fay, as next friend and guardian of Ella Morris, a minor, against E. L. Morris and others. Judgment for plaintiff, and defendant · First State Bank of Vinita, Okla., and another bring error. Affirmed.

J. Berry King and C. Caldwell, for plaintiffs in error.

E. B. Arnold, for defendant in error Fay.

Opinion by EDWARDS, C. This action was brought originally by W. P. Fay, as next friend and guardian of Ella Morris, a minor, against E. L. Morris and the Southwestern Surety Insurance Company. Subsequently the plaintiff filed an amended petition, making additional parties defendant. The amended petition, in substance, alleges that E. L. Morris had been appointed guardian in the probate court of Adair county, for Ella Morris, his minor daughter, and other minor children. and executed his original guardian's bond to Ella Morris and others with the defendants Paden, White, and Allen as sureties, and that thereafter he executed an additional bond for the sale of real estate belonging to said minors with the International Bank & Trust Company of Vinita as surety, and that subsequently a supplemental additional bond was filed with the Southwestern Surety Insurance Company as surety thereon; that the guardian had made a sale of certain real estate belonging to said minors, had failed to account in full for the proceeds thereof, and in default thereof had been removed as guardian, and that the judge of the said county court had made a finding adjudging him in default in the sum of $487.57, for which he and his surety, the Southwestern Surety Insurance Company, were found liable. After demurrers had been overruled the Southwestern Surety Insurance Company and the International Bank & Trust Company both filed answers, in which it is alleged. in substance, that the surety had no notice of the hearing at which the guardian was found to be in default, and that such hearing was irregular in form; that the guardian. E. L. Morris, was improperly discharged, no charges having been preferred against him and no citations served upon him; that no successor had been appointed in regular form. The right of the defendant in error W. P. Fay to bring the action in the manner and form in which it was brought was also denied by the said sureties, who contended that the said W. P. Fay was not the regularly appointed guardian, and. since there was a guardianship pending, was not entitled to bring the action as next friend. In the course of the trial, upon motion of defendants the court required the defendant in error Fay to elect whether he would sue as guardian or next friend, and the said defendant in error elected to sue as next friend. Judgment was rendered against E. L. Morris and Benjamin F. Paden by default, and against the Southwestern Surety Insur-

ance Company and the First State Bank of Vinita as successors to the International Bank & Trust Company. Motion for new trial was filed and overruled, and within due time the case was appealed to this court. Counsel for plaintiffs in error expressly limit and confine their argument to the one point of law, that the action should be brought by the guardian and cannot be brought by the next friend. Sections 4683 and 4686 of the Revised Laws of 1910 are as follows:

"Sec. 4683. An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

"Sec. 4686. The action of an infant must be brought by his guardian or next friend. When the action is brought by his next friend, the court has power to dismiss it, if it is not for the benefit of the infant, or substitute the guardian of the infant, or any person as the next friend."

It will be observed that by section 4686, supra, when the action is brought by the next friend, the court has power to dismiss, if not for the benefit of the infant, and the trial court here was advised of the contention of the parties and permitted the suit to be maintained. The court finds that all the allegations of the petition have been proven and the record discloses that the defendant in error E. L. Morris, as guardian, had failed to account to the court; that he had been cited from time to time to make his report; that he had been arrested for failure to make such report, and was present at the time the order discharging him as guardian was entered. If this order of discharge was improperly made by the county court, the remedy was by appeal, and not by collateral attack upon such order in an action upon the bond. After the guardian had been discharged, we fail to see why a next friend, prior to the appointment of another guardian, might not, for the benefit of the infant, maintain this suit. It is true that the cause is not correctly styled, but under our Code (sec. 4790, Revised Laws 1910) any error in that regard might have been corrected by amendment. In the case of Wilson v. Me-ne-chas, 40 Kan. 648, 20 Pac. 468, the Supreme Court of Kansas holds:

"There is no error of the court in overruling the suggestion of the defendant to correct the transcript of the justice, for the plain reason there was no evidence offered to support it. From the bill of particulars and the affidavit in replevin, it is very evident Me-ne-chas claimed that She-ka-see was the real plaintiff in the action, and, although it would have been correct to have followed the provisions of section 10, c. 81, Comp. Laws 1885, and have had Me-ne-chas appointed as guardian to the suit, or possibly to have commenced the action under the form and style of 'She-ka-see by Me-ne-chas, his next friend,' yet this irregularity is without any possible prejudice to the defendant. She-ka-see appears in the pleadings as the real plaintiff, and under the evidence is shown conclusively to be the real party in interest; but the irregularity is so unimportant that the attorneys for plaintiff did not even suggest an amendment, which would have been granted as a matter of course, if asked. Without such an amendment, we think the defendant could not possibly have been misled to his prejudice. We think the court right in overruling the motion to dismiss."

In Gulf, C. & S. F. Railroad Co. v. Styron, Next Friend, 66 Tex. 421, 1 S. W. 161, it is held:

"Where an action is prosecuted by a parent as nominal plaintiff, for the use and benefit of an infant child, as real plaintiff, the precise form of words used in describing their relation to each other, and to the action, is immaterial, if the record inform the court who is the real beneficiary."

We are of the opinion that there is no error in the record upon the assignment urged that would warrant reversal.

The judgment is affirmed.

By the Court: It is so ordered.